CUTTS (MASON v.). See Case No. 9,237.

## Case No. 3,522.

### CUTTS v. UNITED STATES.

[1 Gall. 69.] [1]

Circuit Court, D. Massachusetts. May Term, 1812.

DEED—DESTRUCTION OF SEAL.

A deed is not avoided by the seal's being torn off fraudulently or innocently by the obligor, but may be declared on as a subsisting deed.[2]

[Cited in U. S. v. Spalding, Case No. 16,365; Miller v. Stewart, 9 Wheat. (22 U. S.) 717, 718. Distinguished in U. S. v. Williams, Case No. 16,724. Approved in Johnson v. U. S., Id. 7,419; Bottomley v. U. S., Id. 1,688.]

An action of debt was brought in the district court of Maine, to recover the amount of two bonds, given by [Joseph Cutts] the plaintiff in error, to the United States, to secure the payment of duties. The declaration alleged, that the originals were lost, and made profert of copies. To this declaration the plaintiff in error pleaded: 1. Non est factum, and 2. payment; upon which pleas, issues to the country were joined. Upon the trial of the cause, a verdict was found for the United States, upon the issue of non est factum; and upon the issue of payment, a verdict was found of non-payment of a part of the sums due by said bonds, and payment of the residue. And for the sums so found unpaid, the court below rendered judgment for the United States; and upon this judgment, and a bill of exceptions, taken and sealed at the trial, the present writ of error was brought. From the bill of exceptions, it appeared, that the plaintiff in error, to support his defence on the first issue, produced the original bonds, which appeared to be cancelled, the name of the plaintiff in error being cut out of each of them. The United States, to prove the same issue, offered evidence to prove, that these bonds had come to the hands of the plaintiff in error wrongfully, and that his name had been cut or torn out, as aforesaid, without the consent or knowledge of the United States, or of any agent by them authorised, and with the consent of the plaintiff in error. This evidence was objected to, and the objection was overruled, and the following facts were proved. That on the 24th or 25th of February, 1809, the plaintiff in error gave to Jeremiah Clark, who was collector of the port of York, where the bonds were executed, and so continued until the 23d of the same February, a negotiable note for the balance then due on said bonds, which note had since that time been endorsed by Clark, and was outstanding in the hands of an endorsee. On the 23d of February, Clark was removed from office, and one Alexander M'Intire appointed in his place, who gave notice thereof to Clark, and was duly sworn into office on the 24th of February, but did not obtain possession of the books and papers of the office until the 27th of February. Some evidence seemed to have been offered, to show that the plaintiff in error had notice of Clark's removal from office at the time of the taking up of the bonds. The judge directed the jury, that if it was proved to their satisfaction, that the plaintiff in error, at the time of his giving said note to Clark, and the cancellation of said bonds, knew that Clark was removed from office, they ought to find a verdict for the United States for the balance due on the bonds at the time said note was given; otherwise, they ought to consider the bonds as fully paid, and legally cancelled. It was argued by the counsel for the plaintiff in error, that the admission of the said evidence and the direction of the court to the jury were wrong, because the seals were actually torn from the bond before the action was commenced, and no recovery can be had on a bond, where an erasure, interlineation or cancellation, has been made, or the seal torn off, before the issue is joined, though it might be otherwise where this happens after issue joined. In support of this position many cases were cited. Mathewson's Case, 5 Coke, 22; Id., Cro. Eliz. 408, 470, 546; Markham v. Gonaston, Id. 626; Pigot's Case, 11 Coke, 27; Whelpdale's Case, 5 Coke, 120; Nichols v. Haywood, Dyer, 59a; Doct. Plac. 259, 262; Smith v. Crooker, 5 Mass. 538.

C. Jackson, for plaintiff in error.

G. Blake, for the United States.

STORY, Circuit Justice, delivered the opinion of the court.

The general rule certainly seems to be, that any material alteration of a bond after its execution, by the obligee (or even, as some authorities assert, by a stranger without his privity), will avoid the bond. Pigot's Case, 11 Coke, 27. See Jackson v. Malin, 15 Johns. 293. Nay, it is said, that an immaterial alteration by the obligee will avoid the bond. Id. But an established exception to this rule is, when the alteration is made by the consent of the obligor himself, after execution, either in pursuance of a previous or a subsequent agreement.[3] But it has been

---

[1] [Reported by John Gallison, Esq.]

[2] See U. S. v. Spalding, Case No. 16,365; Peters, Dig. 385. See 1 Greenl. Ev. (2d Ed.) § 566, note, where the cases are all collected and ably commented on.

[3] Zouch v. Claye, 2 Lev. 35; Id., 1 Vent. 185; Markham v. Gonaston, Moore, 547, where the previous decision in the same case in Cro. Eliz. 626, to the contrary was overruled. 5 Mass. 538.

supposed, that the like doctrine does not apply to the case of the cancellation or destruction of the seal of the deed, even when done by the fraud or connivance of the obligor himself, without the privity of the obligee, unless it happen after issue joined, as in the cases in Dyer, 59, and Owen, 8, and 5 Coke, 119. If, indeed, a doctrine so unjust be incontrovertibly established, we can only regret it; but we cannot easily be brought to such a result. In Mathewson's Case, 5 Coke, 23, the question was, whether the tearing off a seal of one of the co-contractors in a charter party avoided the deed as to all? Upon the construction of the instrument, the court held that it was a several deed, and therefore good as to all the parties, but him whose seal was torn off. In Whelpdale's Case, Id. 119, the question was, whether, on non est factum pleaded in a suit against one obligor, if it appeared to be a joint obligation, the plaintiff was entitled to recover, and it was adjudged in the affirmative. It is true, in this case, there is a dictum, that "in all cases, where the bond was once his deed, and afterwards before the action brought becomes no deed, either by erasure or addition, or other alteration of the deed, or breaking of the seal," the defendant may safely plead non est factum, and for this is cited Dyer, 59. Now the only point decided in Dyer was, that on such a plea, a tearing off of the seal, after issue joined, would not avoid the deed. As little does Pigot's Case, 11 Coke, 26b, support the position. It was a case of interlineation after execution of the deed, and the question was as to its materiality, and the judgment of the court was for the plaintiff. The case cited in Vin. Abr. Faits. N, a, 2, pl. 17, from 3 Hen. VII. 5, upon examination, decides no more than, that if the seal of the joint obligor be torn off, the other may plead non est factum.

The only remaining authorities which bear in favor of the doctrine, as far as I have been able to discover, are those stated by Rolle in his Abridgment (2 Rolle, Abr. Faits. x. 1–3), and copied from him, by Vin. Abr. (Faits. x. 1–3), and Perk. § 135, and the dictum in Dyer, 59, a, note 12. The positions in Rolle are (1) that if the seal be taken from the deed, it is not any deed. (2) If there be no manner of print remaining, by which it appears that it was ever sealed, this shall avoid the deed. (3) That if the seal be once severed from the deed, and afterwards fixed and sealed to it again, yet the deed is avoided thereby. For the first position he cites 11 Hen. VI. 27. There is nothing to the purpose in that case; but I presume it to be a misprint for 7 Hen. VI. 19b, Id. Brooke, Faits. 27, which fully supports the third position of Rolle. For the second position he cites 14 Hen. IV. 30b, which seems to admit the doctrine, but it was not adjudged. This case however is cited in Brooke, Faits. 22, and put with a quere. As to the dictum in Dyer,

"that it is immaterial, what destroyed the seal," it is sufficient that it was the opinion of two justices only, and was not decided by the court. In none of the foregoing authorities does it appear, by whom the seal was defaced; and if done by accident, or by the obligee, or by a stranger, the doctrine may perhaps, on the ancient reasoning, be supported. There is not in them a scintilla juris to support the presumption, that it was applied to an abrasion by the obligor himself.

Now, we shall find, that the case of a destruction of the seal by the obligor himself is expressly excepted from the generality of the foregoing rule in a variety of authorities. In Shep. Touch. p. 69 (a work of great authority), it is said, that if the seal be broken off, "be the same by whatsoever or whomsoever, unless it be by him and his means, that is bound by the deed," the deed is become void. The same doctrine is stated in Shep. Epitome, Deed 405 (a book approved by the late Mr. Justice Buller). 7 East, 312, note. The same seems supported in Beckrow's Case, Het. 138, and was recognised as law in a case cited in Moor v. Salter, 3 Bulst. 79. 13 Vin. Abr. Faits. x. 1, 8. I consider it also fortified by the second resolution in Pigot's Case, 11 Coke, 27, where the word "obligee" is evidently a misprint for "obligor," as will appear from the report of the same case, by Moore, 835. See, also, Bro. Oblig. 83, and Fitz. Debt, 84. In Bayly v. Garford, March, 125, 127, the court said, there was no difference between the razure and interlineation of a deed and the breaking off of the seal. And if so, then the cases, as to interlineations, directly apply to the case of breaking off of the seal. The case of Read v. Brookman, 3 Term R. 151, I cannot but consider as founded on the same doctrine. For it would be difficult to contend, that a party might by pleading a loss of the whole deed by accident, as by fire, recover; and yet he could not recover if a part only were burnt, or that if burnt by accident he might recover, but not if burnt wilfully by the obligor himself. Nor is the argument correct, that this case is not an authority, because it was on a release, which had already had its full effect. The cases cited in the note 3 Term R. 153a, show that the same manner of pleading without a profert is allowed, as to all instruments when lost by time or accident, when destroyed by the party bound by them, or when wrongfully withheld in the possession of such party.

On the whole, I consider the principle of law well established, that the obligor shall never take advantage of his own wrong, and that his own deed fraudulently or innocently destroyed by himself, without payment, does not thereby lose its legal obligation. And the principle still more strongly applies to cases where there are sureties, because, in such a case, the remedy by special action against the original wrong doer would oftentimes prove wholly inefficacious.

Now, if this doctrine be true, the charge of the district judge was undoubtedly correct. By the removal of Clark from office all his official authority ceased, and as an agent of the United States he was functus officio. Sthreshley v. U. S., 4 Cranch [8 U. S.] 169. When, therefore, the plaintiff in error settled with Clark and took up the bonds, the cancellation was either done by himself, or by Clark with his consent. If at this time he knew of Clark's removal, he knew also that the settlement was without authority, and a wrong to the United States. It was an unjust attempt to get possession of papers, which Clark had no authority to deliver, nor the plaintiff in error a right to withhold. Equity therefore, as well as law, in such a case requires, that he should not reap the fruits of a contrivance to defeat the just claims of the United States. The district judge concurs in this opinion, and, therefore, let the judgment be affirmed. We give no opinion, in this case, what would be the effect of any alteration by a stranger. Vide 4 Term R. 320; 6 East, 309, 311.