## THOMAS BOWERS *vs.* JAMES JEWELL.

The court decide on the materiality of any alteration in a written instrument; but whether made by consent, or with fraudulent motives, must be settled by the jury.

An immaterial alteration by the promisee of a note does not vitiate it.

An alteration of the date of a note from A. D. 1809, to 1819, though the note was in truth executed in A. D. 1819, is material.

Consent to an alteration may be either implied or express.

THIS was assumpsit on a promissory note, dated September 10th, 1819, for $21 25 payable in one year with interest.

The cause was tried here October term, 1822, on the general issue, when it appeared in evidence that the note was actually made on the day it purported to be dated, but in fact was originally written as of the date of September 10th, A. D. 1809, and had since been altered to A. D. 1819. There was no express evidence of the knowledge or consent of the maker to the alteration. A verdict was taken for the plaintiff, subject to future consideration on the above facts.

*Abbot* and *French,* counsel for the plaintiff.

*B. M. Farley,* for the defendant.

WOODBURY, J. This alteration was made after the execution of the note; and the note, being then under the control of the promisee, must be presumed to have been altered by himself or by his direction. 1 *N. H. Rep.* 96, 147, *Martindale vs. Follett, & Chesley vs. Frost, & Auths. there cited.*—1 *Greenleaf* 337.

Bowers
*vs.*
Jewell.

This however is a presumption of fact, and, when the truth will warrant, may be rebutted.

The next question is, whether the alteration be material. For though the ancient doctrine as to deeds, was that even an immaterial alteration by the grantee or obligee avoided them ;(1) yet we have always held, that an immaterial alteration of an unsealed writing, though made by the promisee, does not vitiate it. 1 *N. H. Rep.* 97.—1 *Brod. & Bing.* 427, *Sanderson vs. Symonds.*—4 *D. & E.* 345, *Grose, J.*—1 *Camp. N. P.* 81, *note, Marson vs. Petit.*—5 *Taunt.* 707, *Waugh vs. Russell.*—1 *Leon.* 282, *Derby vs. Sharpe.*—5 *Mass. Rep.* 538, *Smith vs. Crooker et al.*—6 *ditto* 521, *Hunt vs. Adams.*—9 *ditto* 307.—1 *Greenleaf* 337.

(1) 11 Coke 27.—Cro. El. 623.—1 Shep. T. 69.—1 Gall. 69.—15 John. Rep. 297.— 1 Greenlf. 77.

Whether material or not is decided by the court. 1 *Maul. & Selw.* 737.—19 *John Rep.* 196.

And then the jury are bound to presume the alteration fraudulent, if made by the promisee in a material part and enuring in any way to his benefit.(2)

(2) 4 D. & E. 331.—Chitt. on Bills 84, 85, Storey's Ed.

But this presumption, like the other, may be rebutted by evidence of the maker's consent to the alteration, or that it happened through accident. 1 *Taunt.* 420, *Paton vs. Winter.*—1 *Maul. & Selw.* 737, *Tidmarsh vs. Grover.*

The date of an instrument is to many purposes a material part of it. Most instruments would be valid without any date, and could be declared on with an averment of the true time when they were executed. If they be dated incorrectly the same averment may still be made. *Com. Di. "Fait,"* B. 3.

But the addition of a date, when there was no date, supersedes the necessity of such an averment and of evidence to prove it and is therefore material. *Cro. Eliz.* 800, *Cospey vs. Turner.*

If the date be altered to the true date, the same averment and evidence is superseded ; the appearance of a variance avoided ; and in the present case *prima facie* evidence of the statute of limitations destroyed. *Cro. El.* 627.—*Perk. sec.* 148.—*Vin. Ab. " Fait,"* P. 3.

There exist adjudged cases where an alteration in the date of an instrument has been held material, if it hastened

the time of payment, increased the amount of interest or barred the statute of limitations. 1 *N. H. Rep.* 96.—4 *D. & E.* 325.—5 *ditto* 537.—9 *East* 190.—11 *Mass. Rep.* 309.

But those were not cases, in which the alteration was made with a view to correct a mere mistake, or to make the written contract conform to the verbal one.

Such, however, was the case here ; and this circumstance may be important in rebutting the presumption, which might otherwise arise, of a fraudulent intent, and also in raising an implication that the maker of the note assented to the alteration.

In *Chitty on Bills, p.* 35, it is remarked, that an alteration to correct a mistake does not vitiate a bill of exchange ; but in all the reported cases on this point, it appears that the alteration was by *consent,* and that no new stamp was required to the contract. 10 *East* 437, *Blane, J.*—3 *Es. Ca.* 246, *Kershaw vs. Cox.*—1 *Camp. N. P.* 81, *Cordwell vs. Martin.*—1 *Maul. & Selw.* 737.

In 9 *Mass. Rep.* 311, the alteration was to conform the contract to the truth : but the decision was not grounded upon that consideration. In *Markham vs. Gonastor,*(1) and in *Miller vs. Manwaring.*(2) and in 2 *Lev.* 35, and in 2 *Roll. Ab.* 29, the rules laid down upon facts similar to those in the present case, seem to render the instrument void. But that was an age when even immaterial alterations were fatal, and consequently concerning this point much reliance should not be placed upon the decisions.

Although then it may not be too rigorous to hold, that any alteration affecting the evidence to be offered on trial is material, (3) yet it is reasonable and just to permit a party to show that the alteration was by consent of those interested, was by accident, or under circumstances rebutting every presumption of improper motives.

Thus, says *Parsons, C. J.*(4) " consent may as well be implied from the nature of the alterations as expressed." It may be implied likewise from custom. 19 *John. Rep.* 396, *Woodworth vs. Bank of America.*

(1) Cro. El. 627.
(2) Cr. Ch. 399.

(3) 1 N. H. Rep. 96.—10 East 431, Kelly vs. Williams.—Bates vs. Hills Dec. Hillsb. 1814.
(4) 6 Mass. Rep. 521.

69

So the intent must be fraudulent ; or, in other words, the act " done with an eye to gaining an advantage." 2 *East Cr. L.* 854.—*Hawk. ch.* 70, *s.* 4. But that cannot as a general principle be the case, if the alteration, though material, makes the sum due less, or gives longer time of payment. *Salk.* 375.—2 *East Cr. L.* 854.—1 *Leon.* 282, *Dorey vs. Sharpe.*

And whether under all the testimony, consent can here be implied, or the presumption be deemed rebutted, that the alteration was fraudulent, should be submitted to a jury, and for that purpose, there must be a

*New trial.*