Ranney, J.
This was an action of debt. The declaration contained three counts. The first set out a single bill for ten thousand •dollars, dated November 16,1852, payable to the plaintiff below or order, at his banking-house in Zanesville, six months after the date thereof. The second counted upon the same instrument as a promissory note; and the third was the indebitatus count, for money had .and received, and money lent.
To the first of these counts, the defended pleaded non est factum, verified by affidavit; and to the two last, nil debet. The case was .submitted to the court, and from an agreed statement of the evidence, appended to the bill of exceptions, it appears that the instrument was signed by the defendant below and eleven others; one of whom, James Culbertson, was, as between him and the other signers, principal, and the others his sureties, although not so expressed on its face. That at the time the paper was signed by all the parties thereto, and, by the sureties, placed in the hands of Culbertson, it was in blank as to the date, amount, and time of payment, and had no seals affixed to the signatures thereon. That, after that time, and before it came to the possession of Sturges, seals were affixed to each of the signatures; but by whom, was not shown by the evidence. The defendant, Fullerton, further proved, that the seal affixed to his signature was done without his knowledge, authority, or consent; and that at the time he signed the paper, at the request •and for the accommodation of Culbertson, he informed the latter, that he would not agree to become his surety for more than a thousand or fifteen ^hundred dollars. In this condition the paper was presented to Sturges, by Culbertson, on the day it bears date; and the blanks being filled by the former, the same was discounted for the sum of ten thousand dollars.
As nothing in the case tended to show any notice to Sturges, that Culbertson, in directing the instrument to be filled up for that sum, was exceeding the authority given him by Fullerton, it is very clear that the violation of any private instructions, which the latter may *535 Rave given to the former, as to the amount for which he was willing to become liable, could not have been used to prevent a recovery for the sum named in the paper.
No rule is better settled, or founded upon stronger reasons, than that which affirms the liability of one intrusting his name in blank to another, to the full extent to which such other may see fit to bind him, when the paper is taken in good faith and without notice, actual or implied, that the authority given has been exceeded, or the confidence reposed has been abused. It has the effect of a general letter of credit; and the rule is founded, not only upon that principle of general jurisprudence which casts the loss, when one of two equally innocent persons-must suffer, upon him who has put it in the power of another to do the injury, but also upon that rule of the law of agency, which makes the principal liable for the acts of his agent, notwithstanding his private instructions have been disregarded, when he has held the agent out as possessing a more enlarged authority. Those rules are indispensably necessary to prevent fraud and surprise upon third persons, and in their application to the usual course of dealing in commercial transactions, are to be considered as of vital importance. They are not questioned by the-learned counsel for the plaintiff in error; nor does he contend that there was anything in the case that should have prevented a recovery, from the fact that the instrument was filled up for a larger amount than had been agreed upon between Culbertson and Fullerton. But he insists that Culbertson must bo presumed to have added the seals, *after the paper was placed in his hands by the sureties, and that this effected a material alteration of the instrument ; and, being done without the knowledge or consent of Fullerton, avoids it in the hands of Sturges, notwithstanding he had no notice of the fact. . That the alteration was made without the knowledge or express consent of Fullerton, must be admitted; that it was made by Culbertson, after the paper came into his hands, and before its presentation to Sturges, is highly probable.
It is also very true, that affixing a seal to the name of a party to a written instrument, when its legal effect would be in some way thereby changed, unquestionably is, and has often been held to be, a material alteration. But it is wholly unnecessary to consider whether such an addition made to an instrument of the character of the one declared upon in this case, should, in this state, where it has the same effect, is subject to the same defenses, *536 and barred in the same time, whether sealed or not, be deemed material. There has been no recovery had upon this paper as a sealed instrument. No evidence was given under that count of the declaration ; but the evidence was received and the recovery had upon the count describing it as a promissory note. That the plaintiff in error, by the paper he signed, fully authorized Culbertson to obtain a discount upon a promissory note, for the amount and in the manner he did, is unquestionable; and that this instrument, when deprived of the seals, is, in legal effect, a promissory note, is not doubted. The true question therefore is, has Sturges, under the circumstances, a right to treat this paper as and -for such an instrument as Fullerton authorized to be made; or is it avoided by the unauthorized addition of a seal, made by Culbertson or some other person, without the knowledge of Sturges and before it came to his hands ?
It certain ly binds Fullerton for no more than he authorized; it contains no stipulations, that Sturges had' not a right to suppose Culbertson authorized to make for Fullerton. Sturges committed *no fraud, and knew of no fraud. The instrument remains precisely as it came to his hands, without addition or diminution. This fact shows the entire inapplicability of most of the cases relating-to the alteration of written instruments. To give application to many of the doctrines they enforce, the alteration must have been made after the delivery of the instrument, and after it has taken effect, and by or with the privity of one claiming a benefit mnder it. The rule of the English courts, that a material alteration, made by a stranger, avoids the instrument, has been universally repudiated in this country. To have that effect, the alteration must be material and intentional, not by accident or mistake ; and by a party entitled to a benefit under the instrument, and not by a stranger, or one adversely interested. 1 Gall. 69 ; 14 Serg. & Rawle, 405; 8 Cow. 71; 1 Watts, 237. Fraud in the interested party lies at the foundation of the rule ; and as a punishment for his fraud, the law deprives him and all claiming under him of all remedy upon it.
The question in this case depends upon entirely different principles. Here is no fraud to be punished, for the party entitled to the benefit of the paper, and the only one ever having a legal interest in it, has neither done or intended any wrong. At the time the seals were affixed, there was no agreement to be altered, *537 for none had been made; none perfect in either form or substance had even been written — much less delivered or taken effect.
Assuming Culbertson to have affixed the'seals, while the skeleton remained in his hands, it was done by one having no rights under the instrument, and, neither at that time or ever afterward, any remedy or right of action upon it. In respect to the custody, filling np, and ultimate delivery of the instrument to the payee, he was acting, not only for himself, but as the authorized agent of Fullerton ; clothed with apparent authority to bind Fullerton for any sum that he might see fit to insert, and to make the instrument perfect, in every respect, for the purposes’ intended, *where Fullerton had left it imperfect. He had no right to change what Fullerton had done for himself; but he had perfect anthority to supply what Fullerton had omitted. If he did - more than the authority given him by Fullerton seemed to authorize, he failed to bind him for such excess, even in favor of one who might in good faith take the paper.
But if he did it fraudulently, it is still but the fraud of Fullerton’s agent, acting outside of his authority, and, therefore, in the legal sense, a stranger to both him and Sturges. He is a stranger to Fullerton, because quoad the excess, he has acted without authority ; and he is a stranger to Sturges because, as between him and Fullerton, he has derived no title to the instrument through or from Culbertson. But it would indeed be singular that Sturges should be punished for the fraudulent or unauthorized act of Culbertson, for whom he was in nowise responsible, and of which he had no knowledge; rather than Fullerton, whose agent he was, and who had incautiously or negligently placed in his hands the means that enabled him to obtain the money. There is not a word in the case that points to any bad faith on the part of Sturges; and therefore nothing that could justify visiting him with the loss of his debt, as a penalty for his conduct. If he must lose, it is because Culbertson has exceeded the authority given by Fullerton, and, for that reason, failed to bind him. It is a simple question of agency, and a settled rule of the law of agency furnishes the solution. What Culbertson has done, is exactly what Sturges had a right to suppose him authorized to do, except the addition of the seal. But without the seal the instrument is perfect, and a frill execution of the power. When that is the case, and the party dealing with the agent has acted in his acts are so far as are author *538, 539 ized, and void only for tbe excess; provided tbe boundaries between tbe excess and the rightful execution are clearly distinguishable. The rule is thus stated'by Lord Coke: “Begularly, it is true that, where a man doth less than the commandment or authority cornmitted unto him, then the commandment *or authority being not pursued, the act is void. And where a man doeth that which he is authorized to do and more, there it is good for that which is warranted, and void for the rest.” Co. Litt. 258a.
The same principle is stated by Mr. Justice Story, and supported with a large number of authorities. Story on Agency, sec. 4G6, et ■seq. He says: “ "Where 'there is a complete execution of the authority, and something ex abundanti is added which is improper, ¡there the execution is good, and the excess only is void. But whore ithere is not a complete execution of a power, or where the boundaries between the excess and the rightful execution are not distinguishable, then the whole will, be void.” It is true' that most of the cases cited involved attempts by the agent to bind the principal ■to the performance of something more or less than was authorized; firat surely the application of the principle can not be more doubtful ■where the excess relates to a mere useless formality in the execution ¡of the instrument that evidences the contract, binding the principal ;to precisely what he had authorized the agent to do.
But the precise point has been adjudicated. It is impossible to ■distinguish the case from that of the United States v. Linn et al., 1 How. 104, decided by the Supreme Court of the United States ‘The action was brought upon the undertaking of Linn, as receiver ■of public moneys at Yandalia, Illinois. Duncan, one of his sureties, pleaded that, after he had signed the instrument and delivered it to Linn, to be trasmitted to the plaintiffs, it was, without his con¡sent, direction, or authority, materially altered by affixing a seal to ‘his signature. The court sustained a demurrer to this plea, because iit did not show that the seal was added with the knowledge, consent, or authority of the plaintiffs. The court say: “ The plea not alleging by whom the seals were affixed, it is open to two intondments. Either that this was made by the plaintiffs, which would make the instrument void, or that it was done by a stranger, which would not invalidate *it.” They then proceed to apply the .rule that requires the pleading to be construed most strongly against the party alleging it; and arrive at the conclusion, that if “ the plea ihad concluded with a verification, and the plaintiffs had replied that *540 the affixing the seal was done without their knowledge, eonseht, or authority, and this state of the case had been sustained by the proof, it would not have avoided the instrument.
The plea in that case, contained precisely what the proof shows in this; what was reached by intendment there, is positively admitted here, namely, that the alteration was made without the knowledge, consent, or participation of the plaintiff; without which, we have the authority of that court for saying, the instrument is not avoided. The doctrine was carried still further, and, perhaps, to an unwarrantable length, in Truett v. Wainright, 4 Gil. 411; where the addition of a seal by an agent, to the signature of the party to a warrant of attorney, with the knowledge and at the request of the attorney of tho adverse party, was held not to vitiate the instrument. The court place the decision upon the ground that the instrument was sufficient without the seal, and could not be avoided by the unnecessary addition of it, without authority on the part of the agent.
The judgment must be affirmed.