BLISS *against* RICE.

IN error, on *certiorari*, from a justice's court.

The error assigned in this cause was, that *Bliss*, the defendant below, was an infant, under the age of 21 years, and appeared in person, and not by guardian. The defendant in error pleaded *in nullo est erratum*.

If an error in fact be well assigned, as the *infancy* of the party, and the defendant pleads *in nullo est erratum*, &c. he admits the fact.

NEWYORK,　*Johnson*, for the plaintiff in error, contended that an infant
May, 1812.　must always appear by guardian, and if he does not, it is error.*
HILLYER　That where to an assignment of error in fact, the defendant
v.　pleads *in nullo est erratum*, the plea admits the fact, if it is well
LARZELERE　assigned. The defendant in error ought to have put in issue the
* 8 *Johns.*　fact of infancy.†
*Rep* 418. 2
*Johns. Rep.*
291. 6 *Saund.*
117.
† 9 *Vin. Er-*　*N. Williams*, contra.
*ror*, K. a. pl.
1, 2, 3.　T.
*Raym.* 231.　*Per Curiam.* The rule is settled, that if an error in fact is
*Saund.* 101. s.　well assigned, and the defendant in error pleads *in nullo est er-*
1 *Burr.* 412.　*ratum*, he confesses the fact. It was so laid down by *Hale*, Ch.
　J. in *Okeover v. Owerbury*, (*T. Raym.* 231.) who put the very
　case of *infancy* assigned for error. (9 *Viner*, 550.) The judg-
　ment must be reversed.

Judgment of reversal.