UTICA,
Aug. 1826.

Trustees of
Vernon
v.
Hills.

## THE TRUSTEES OF VERNON SOCIETY *against* JESSE HILLS. (*a*)

ON certiorari from a justice's court. The plaintiffs sued the defendant before the justice, on a subscription, dated *September 25th*, 1817, by which the defendant obligated himself to pay the plaintiffs 6 dollars annually, in semi-annual payments, so long as the reverend *Orange Lyman* should continue to administer the gospel, &c. Plea, the general issue.

The only question before the justice was, whether the plaintiffs were a corporation when the suit was brought. The original certificate of their proceedings to organize as a corporation, in 1803, was, by counsel here, admitted to be sufficient; that they were regularly incorporated under the 3d section of the act of 1801; (1 *K. & R.* 336, &*c.*) and that all irregularities in their proceedings previous to the 5*th* of *April*, 1813, were cured by the statute then passed, re-enacting the statute of 1801; and expressly confirming former incorporations. (2 *R. L.* 212, 218.) But it appeared before the justice, that at the annual elections subsequent to that period, only one person presided; whereas the statute, (2 *R. L.* 214, *s.* 36,) requires two: that at such elections no certificate of the result was given as required by the 6th section of the statute, (2 *R. L.* 216:) that the regular annual meetings of the society were the first *Tuesday* of *May*, in each year; yet there was no record of any meeting in 1818; and no evidence of any meeting in that year, except the record of a resolution in 1820, reciting that the record of 1818 was lost; and directing the clerk to record the election of the trustees of that year. It appeared by the plaintiffs' book of minutes, first introduced by them, but afterwards used by the defendant, that the persons prosecuting in the court below ed by judgment at the suit of the people.

*In an action by the trustees of a religious society regularly incorporated under the act of 1813, (2 R. L. 212, 214,) the defendant cannot shew that they have forfeited their corporate rights by misuser or nonuser. The forfeiture can be taken advantage of in no other way than by a suit in behalf of the people. And till it has been judicially declared in this form, individuals cannot avail themselves of it.*

*A religious incorporation stands, in this respect, on the same footing with any other incorporation. The trustees, de facto, of a religious society, though they were irregularly elected, yet are in, colore officii; and their proceedings are valid till they are ousted by judgment at the suit of the people.*

(*a*) This cause was decided in *October* term, 1824.

UTICA,
Aug. 1826.

Trustees of
Vernon
v.
Hills.

were trustees of *Vernon* society ; but they produced no certificate of their having been regularly elected.

On this evidence, the justice gave judgment for the defendant below.

*G. C. Bronson*, for the plaintiffs in error, insisted that none of the irregularities presented by the justice's return, were such a misuser or nonuser as would work a dissolution of the corporation.   But if otherwise, it is clear that it did not lie with the defendant to make the objection in the suit before the justice.   Though a corporation may forfeit its charter by an abuse or neglect of its franchises, the forfeiture must be ascertained and declared by regular process and judgment of law, before its powers can be taken away, or the corporation be considered as dissolved.   The remedy is by *sci. fa.* prosecuted at the instance, and on behalf of the government, or by an information in nature of a *quo warranto.* (1 *Bl. Com.* 485.   *Slee* v. *Bloom,* 5 *John. Ch. Rep.* 366, *and the cases there cited.*   19 *John. Rep.* 456, 474, *S. C.*)   The cases cited shew the rule and its exceptions ; and indeed are perfectly conclusive.

The trustees who are duly elected, hold over till others are chosen in their place.   (9 *John. Rep.* 147.)

Besides, the defendant contracted with the plaintiffs as a corporation, and by their corporate name, and he is precluded from objecting that they are not a corporation.   (14 *John. Rep.* 245.)

*J. A. Spencer*, contra, cited 8 *John. Rep.* 378, to show that the plaintiffs must prove themselves a corporation upon the general issue.   He said, no one election had been legally conducted.   Only one person had presided at any of them.   This was the same as if no election had taken place.   The whole was void ; and the plaintiffs not authorized to sue as trustees.   (2 *R. L.* 216, *s.* 3, 6.)

There is no need of a *sci. fa.* or *quo warranto*, to try the question of dissolution, in the case of a religious incorporation under the statute.   It must at all times, and in all suits, be prepared to shew its continuance as a corporation,

as well as its original formation. Here is not only an ir-
regularity in the election for a single year; but it was con-
tinued for a series of years. The 9 *John.* 147, therefore,
is not applicable; nor will the 14 *John.* 245, be found to
help the plaintiffs.

UTICA,
Aug. 1826.

Trustees of
Vernon
v.
Hills.

*Curia, per* SAVAGE, Ch. J. It is settled by the repeat-
ed decisions of this court, that when a corporation sues,
they are bound, on the general issue, to prove that they
are a corporation. (8 *John. Rep.* 378. 14 *id.* 245-6.)

Had the irregularities complained of, been confined to a
single year, they would have had no effect upon the plain-
tiffs' rights, according to the decision in *The People* v. *Run-
kel,* (9 *John. Rep.* 147, 149.) It was conceded by the
court, in that case, that the trustees, chosen under the
act in question, and who go out of office at the end of the
year, hold over till others are elected. The question
there was, whether an election after the day was good.
The court said, "Perhaps the language of the statute is
too peremptory, that the seats of one third are to be vaca-
ted at the expiration of every year; but the corporation is
not thereby dissolved; for two thirds of the trustees con-
tinue in office." There are cases which hold that where
an officer is to be chosen annually, he may hold over after
the year, until another is chosen, (10 *Mod.* 146; *Str.* 625;)
and in *The People* v. *Runkel,* the court said that trustees
elected after the day would be in by color of office; that
the election would not be void; and their acts would be
good; that the corporation would still remain; and the ir-
regularity, if any, would cure itself in a subsequent year.
That reasoning, however, is not applicable to this case.
The persons claiming to be a corporation in 1817, when the
contract was made with them as such, came into office, if
at all, since that period. The same irregularity was con-
tinued for three years in succession; and if it renders the
election void, the corporation was dissolved; or in a situ-
ation to be dissolved by appropriate judicial proceedings.
For the same reason, the defendant is not estopped to
question the plaintiffs' being a corporation by reason of

UTICA,
Aug. 1826.

Trustees of
Vernon
v.
Hills.

his contract with them as such. The estoppel, if any, relates to the time of entering into the contract; and does not admit that there cannot be a dissolution.

This view of the subject renders it necessary to inquire whether such a nonuser or misuser as is a sufficient ground to produce a forfeiture of corporate rights, can be taken advantage of in this collateral way; or whether the forfeiture must not first be judicially declared in a direct proceeding by the people.

This point is, I think, settled by the decisions of our own, as well as those of the English courts. In *Slee* v. *Bloom*, (5 *John. Ch. Rep.* 379, 381,) chancellor *Kent* held that the forfeiture of corporate rights must be judicially ascertained and declared; and that corporate power which may have been abused or abandoned, cannot be taken away but by regular process. He considers the cases; and expresses a belief that there is no instance of calling in question the rights of a corporation, as a body, for the purpose of declaring its franchises forfeited and lost, but at the instance and on behalf of the government.

The decree in *Slee* v. *Bloom* was reversed in the court for the correction of errors; not, however, on the ground that the chancellor's position, so far as it related to acts of nonuser or misuser, was incorrect. *Spencer*, Ch. J. who gave the almost unanimous opinion of the court, said, " Upon the authorities and for the reasons given by the chancellor, misuser, or nonuser, cannot be relied on as a substantive and specific ground of dissolution."(b) But the reversal proceeded upon the fact that the corporation in question had surrendered, or done what was equivalent to a surrender of their corporate rights.

These cases seem to me conclusive against allowing the objection, coming, as it does, collaterally, that this corporation was dissolved. There is nothing in the statute shewing that the legislature considered religious incorporations as standing on a different footing in this respect from other corporate bodies.

(b) And vid. *Silver Lake Bank* v. *North*, (4 *John. Ch. Rep.* 373,) per *Kent*, chancellor.

The plaintiffs have acted as trustees upon the matter in question, and in bringing their suit, *colore officii*; and before an objection to their right can be sustained by the defendant, on the ground that they were not regularly elected, he must shew that proceedings have been instituted against them by the government, and carried on to a judgment of ouster. (9 *John.* 159.)

In my opinion, the judgment below was erroneous, and should be reversed.

Judgment reversed.