Bigelow, J.
The questions presented by the bill of exoep» *94 tions in this case involve the construction of some of the provisions of Rev. Sts. c. 38, relating to manufacturing corporations. The plaintiff claims to recover, in an action of indebitatus assumpsit, the price of a quantity of wood alleged to have been sold and delivered to the defendant in December, 1846. The defence rests on the ground, that the wood was not sold to the defendant, but to the Stoneville Manufacturing Company, a manufacturing corporation established by law, whose agent the defendant was, and in which he was a stockholder. In support of this defence; the defendant offered in evidence an act of the legislature incorporating the company, and also a book containing its records. It appeared, among other things that, on the 29th of March, 1843, under the authority of a special act of the legislature, a reorganization of the corporation took place, and that a president, directors and clerk were then duly elected, and the clerk sworn to the faithful performance of his duties. It further appeared, that at the next annual meeting of the corporation, in February, 1844, no clerk was chosen; and the clerk elected at the annual meeting the year previous continued to act until February, 1845, when a clerk was again chosen at the annual meeting then holden. After February, 1845, until 1847, the clerk and other officers were duly chosen. Upon this state of facts, the judge who presided at the trial ruled, that by failing to elect a clerk in 1844 the company lost its legal organization, and was not competent afterwards to contract as a corporation. It is upon the correctness of this ruling, that one of the questions in the case arises, and it must be determined upon the true construction of Rev. Sts. c. 38, § 4, by which it "is provided, that the clerk shall be chosen annually, and shall hold his office until another is chosen and qualified in his stead.
It seems to us that the meaning of this provision is too clear to admit of a doubt. The same law, which imposes the duty of choosing a clerk annually, also contemplates and provides for the contingency that such election may not take place. It does not limit the tenure of the office to one year, but extends it to the time of the choice and qualification of a *95 successor. It would seem to follow, that the failure to elect annually would not destroy the legal organization of a corporation, and render it incompetent to act as such; because, if the corporation was thereby dissolved, there would be no further need of a clerk to act till another was chosen, and there would be no corporation legally competent to make such election. The construction contended for by the plaintiff, therefore, would render this provision of the statute wholly inoperative. To avoid this conclusion, it was suggested, that the statute, in this particular, was only intended to meet the contingency of a refusal to accept the office of clerk by a person who had been seasonably elected to it by the corporation. But we see no reason for adopting this construction. No such limitation is expressly enacted, and none can be inferred by any reasonable implication. On the contrary, we think the statute was intended to provide for the contingency of there being no new clerk, whether it arose from a failure to elect, an omission to be qualified, or any other cause. The statute, in this respect, is directory merely. It requires the duty of the corporation; but it also provides for a neglect or omission to perform it. It is not essential to its continued corporate existence; and it would be a very stringent and forced construction of the statute to hold, that such an omission would work a .dissolution of the corporation. But, irrespective of this view of the meaning of the statute, the rule is well es tablished, that a neglect to comply with the requisitions of charters and by-laws, as to the time of electing officers, does not cause a forfeiture of corporate rights and privileges Ang. & Ames on Corp. (3d ed.) 93, 94, 107, [4th ed. §§ 124 142]; People v. Runkel, 9 Johns. 147.
Besides; even if the corporation had failed to comply with the requirements of law in such manner as to work a forfeiture of its rights, upon due proceedings being had for that purpose before a competent tribunal, it may well be doubted whether this fact can be shown and taken advantage of in collateral proceedings, to which the corporation is not a party before a decree declaring its forfeiture has been duly pronounced. See Boston Glass Manufactory v. Langdon, 24 Pick. 52; Trustees of Vernon Society v. Hill, 6 Cow. 23.
*96 But the most important and interesting question raised by the exceptions remains to be considered. It was admitted at the trial, that no such measures had been taken by the officers of the corporation as relieved the stockholders from their individual liabilities under the general statutes of the commonwealth. And thereupon the court ruled that the defendant, being a stockholder, and having made the contract declared on, would be liable in this action, and that the plaintiff was entitled to recover against him personally, although the contract was made in the name and on behalf of the corporation. It appears by the exceptions, that the omission of the officers, upon which this ruling was founded, consisted in a failure to comply with the provisions of Rev. Sts. c. 38, § 16, by which it is enacted, that all members of manufacturing corporations, incorporated after the year one thousand eight hundred and thirty, should be jointly and severally liable for all debts and contracts made by such company, until the whole capital stock shall have been paid in, and a certificate thereof shall have been recorded in the registry of deeds.
We think it very clear, that the plaintiff is not entitled to recover, under this section of the statute, upon the declaration as it now stands. The defendant is chargeable, if at all, upon the statute liability as a stockholder. He is not liable on the original contract for the sale of the wood. The sale was not made to him, or on his account. There was no contract, express or implied, between him and the plaintiff. He cannot therefore be held on a simple indebitatus assumpsit for goods sold and delivered. The only proper mode of declaring against him would be by a special count, setting out the essential grounds upon which his liability depends under the statute, whereby an action had accrued to the plaintiff, to recover of the defendant the amount due to him from the corporation.
This view of the state of the pleadings is decisive of the case, as it is now presented to our consideration, and disposes of the only remaining exception. But, inasmuch as the plaintiff, by an amendment, might still seek to maintain his action, and as the main question of the liability of any stockholder, under this provision of the statute, to a special action by such *97 creditor of the corporation, has been fully argued, we think it best to consider and dispose of that question now."
The general principle of law is well settled, that when a statute confers a right and imposes a liability, without providing a distinct remedy for their enforcement, the common law supplies an adequate remedy, by giving to a party an appropriate action, by which his rights may be enforced. But it is equally well settled, that when a statute confers a right and prescribes a remedy, that remedy, and that only, can be pursued. Now, upon reference to Rev. Sts. c. 38, it will be found that ample remedies are given to creditors, by which to secure their rights against stockholders, who may be individually liable for the debts of the corporation. By § 30, the persons and property of stockholders so liable may be taken on any writ of attachment or execution issued against the corporation for a debt; and by § 31, the creditor, instead of taking the property or person of a stockholder on a writ of attachment or execution against the corporation, as provided by § 30, may maintain his bill in equity in this court against the stockholders to enforce his claim. Here are two distinct and adequate remedies against the stockholders given to the creditor by the statute; but no provision is made by which each creditor of the corporation can bring his separate action against each stockholder, to enforce a debt for which the stockholders are by statute jointly and severally liable. The remedies provided by statute can alone be followed.
We think it very manifest that such was the intention of the legislature, because, by the section (§ 29) immediately preceding those which prescribe the remedies against the stockholders, a special action on the case is given to creditors against officers of corporations, who may be individually liable; but no such action, nor any action at law, is given to creditors as against stockholders. This omission is significant to show, that the remedies against stockholders and officers were intended in this respect to be different, and that no action at law can be maintained against the latter.
The view we have taken of these provisions of the statute is much strengthened by the consideration of the consequences *98 which would follow, if each creditor of a corporation, the stockholders of which were by law liable jointly and severally for the debts of the company, could maintain an action against each separate stockholder. Under such a construction of the statute, suits might be multiplied to an almost indefinite extent, and the evils of attempting to enforce such a remedy would be very great.. By confining creditors to the precise remedies given by statute, these evils will be avoided, and the rights of creditors and stockholders can be easily and readily adjusted and settled, by a resort to proceedings in equity, as provided by §§ 31, 32. See Harris v. First Parish in Dorchester, 23 Pick. 112. Exceptions sustained.