## Parsons v. Eureka Powder Works.

According to our practice any person who can satisfy the court that he has any rights involved in the trial of a cause, may be admitted to prosecute or defend the action.

A person not the defendant in interest, but who has been admitted to defend an action, may properly be allowed, in the discretion of the court, to plead the statute of limitations.

The insolvency of a corporation, or the fact that it has assigned all its property and effects to an assignee for the benefit of its creditors, does not extinguish its legal existence. Neither does the failure to elect officers or to hold meetings for many years dissolve the corporation.

THIS is an action of assumpsit on two promissory notes, one for $3689.25, dated July 20, 1860, the other for $2432.33, dated October 24, 1860, both on six months.

The writ bears date January 22, 1867, and the sheriff returns that, March 9, 1867, he "left true and attested copies of the writ with J. E. Bickford, treasurer, T. B. Garland, clerk, and Leonard S. Rand and H. Whitney, two of the principal members of the corporation." At the entry of the action Leonard S. Rand, as a stockholder, filed a motion for leave to appear, and to dismiss the action.

I. Because there is not, and at the time of the alleged service of the writ in said action there was not, any such corporation as the Eureka Powder Works.

II. Because at the time of the pretended service of the writ in said action there was not any officer of said pretended corporation upon whom legal service could be made.

III. Because there has been no legal service of the writ in said action.

The said Rand also moved for leave to plead in abatement.

He also prepared and placed on file the general issue and notice of the statute of limitations, which he claims were filed to be used in case the motions aforesaid, and the motion for leave to plead in abatement should be overruled. Upon the back of the plea and brief statement, at the October Term, 1867, the court made the following order: "Said Rand has leave to appear upon filing bond in $200 in usual form in sixty days, and to file enclosed pleas, terms to be settled. Motion to dismiss and to plead in abatement continued. All papers to be filed."

The said Rand, in support of his motions, offered to prove that on the eighteenth day of December, 1860, an assignment was made by said pretended corporation of all its property for the benefit of its creditors; that since that time there has been no meeting of any officers of such pretended corporation; nor has any one acted, claimed to be, or acknowledged himself, an officer of the same; nor has there been any meeting of any stockholders thereof, except one on the twenty-third day of April, 1861, to affirm the assignment of Dec. 18, 1860; that there never have been but eight or nine members of said pretended corporation, and the four principal ones have long since deceased and their es-

tates have been settled, one of whom, George Mathewson, owned more than three-fourths of the stock and had nearly the exclusive management of its business ; that said Rand owned but ten shares of $100 each, and these he took in payment of a claim against said pretended corporation ; that of the surviving stockholders but three of the smaller ones resided at the date of the alleged service in New Hampshire and within the jurisdiction of our courts, viz., said Rand, Whitney and Garland, and said Whitney has since removed from the State ; that the assignee never had possession of any property as such assignee, but that the same was under attachment at the time of said assignment, and was sold and the proceeds deposited under the direction of the court to abide the result of litigation between creditors, and a small balance was divided *pro rata* among creditors under the direction and by order of the court.

To the admissibility and sufficiency of this evidence the plaintiff objects.

It is agreed that at the time of the said assignment, said Bickford was acting treasurer, and said Garland acting clerk ; that there were five acting directors, viz., George Mathewson, Alvan White, Thomas B. Garland, Horace Whitney and Leonard S. Rand ; that the said Mathewson died early in December, 1860, and said White in the year 1861. The plaintiff offered to prove that the said corporation was duly incorporated by the legislature.

Whereupon it was agreed that this case be stated for the consideration of the court.

Case reserved.

*Hatch*, for plaintiff.

*Wheeler*, for Rand.

SARGENT, J.    It was within the discretion of the court to allow Rand to appear and defend.    That discretion has been exercised and he has been admitted to appear, and has appeared and made various motions and filed certain pleas which the court has ordered to be received.    And we do not understand from the case that any question as to the proper exercise of that discretion is here reserved.    But if that question were open we see no reason to interfere.

Rand evidently has such an interest as would render it proper for him to be allowed to appear, upon the authority of *Carleton* v. *Patterson*, 29 N. H. 586, where it is held that any person who can satisfy the court that he has any rights involved in the trial of a case, may be admitted to prosecute or defend the action.

And we find no authority in this State which holds that a party thus appearing may not plead the statute of limitations, and we think the pleas of the general issue and the statute of limitations were properly received in the discretion of the court.    There might be cases where the particular circumstances would render it proper to reject this plea in such a case, but we think that in this case it was very properly admitted.

Ought the motion to dismiss the action for the reasons stated to pre-

vail? In *Kimball* v. *Wellington*, 20 N. H. 439, it was held that the party who had leave to appear might move to dismiss the action on the ground that there was no such person as the nominal plaintiff, though he was too late in obtaining leave to appear, to allow properly of his pleading in abatement.

Whether it would be sufficient ground to dismiss, if there was no such person or party as the defendant, we need not here stop to inquire, because the facts offered to be proved in this case would not show that there was no such corporation as this defendant.

By the death of all its members, a corporation aggregate *may be* dissolved. And where from death or disfranchisement so few remain that by the constitution of the corporation they cannot continue the succession to all purposes of action at least the corporation is dissolved. 2 Kyd on Corp. 447–8; A. & A. on Corp. sec. 768, and cases cited. As long however as the remaining corporators are sufficient in number to continue the succession, the body remains.

In this case there were never more than eight or nine members, and four or five of these remain, three of whom were residents of this State at the time of the service of this writ, and two of whom are still, the rest having removed from the State. The fact that two or more of the living members have removed from the State, does not prevent their still continuing members, and active members of the corporation. There is nothing here to show that the remaining members cannot as well continue the succession, or as properly transact any other business under their act of incorporation, as a larger number could do.

Nor does the fact that the corporation has assigned all its property and effects to an assignee for the benefit of its creditors, operate as a dissolution of the corporation. The possession of property is not essential to the existence of a corporation, and its insolvency cannot therefore extinguish its legal existence. 2 Kent's Com. 310; *Boston Glass Manufactory* v. *Langdon*, 24 Pick. 49. Neither does the failure to elect officers or to hold meetings for many years dissolve the corporation. *Boston Glass Manufactory* v. *Langdon*, 24 Pick. 49.

In many cases the by-laws of a corporation provide that officers once elected shall continue till others are chosen and qualified in their stead. How that may be in this case we are not informed. In the case cited in 24 Pick. *supra*, it is said that even the want of officers, and the want of power to elect them, would not in such case be fatal to the existence of the corporation. It has a potentiality which might by proper authority be called into action without affecting the identity of the corporate body; citing *Colchester* v. *Seaber*, 3 Burr. 1870, which case is also cited in 2 Kent's Com. 310.

Our statute also provides, Revised Statutes, ch. 146, secs. 11 and 12, that if any corporation other than a town, shall fail to hold its annual meeting, and no mode of calling special meetings is prescribed, the owner or owners of one-twentieth part of the stock or property thereof may apply to a justice of the peace, who may call a meeting, give notice, &c.; and provides that such meeting and all business done thereat shall be as valid as if held and done according to the charter and by-

laws of such corporation, so that if there were no officers in this corporation, these surviving members might have a meeting called at which they could be chosen if they all together own one-twentieth of the stock, and if not there is no doubt that the legislature would give them power in some way, upon application, to call and hold a meeting for the choice of officers. So long as this may be done the corporation is not dissolved.

And even where the legislature repeals the charter of a corporation, it is provided, Comp. Laws, ch. 147, sec. 36, that it shall not take away or impair any remedy given against such corporation, its members or officers, for any liability previously incurred. *Blake* v. *P. & C. Railroad*, 39 N. H. 435.

There are a class of cases in New York, under the statute of that State, which provides that the members of certain corporations at the time of their dissolution shall be individually responsible, to the extent of their respective shares, for the debts due from such corporation, at said dissolution, where it is held that a corporation of that particular class, which has done acts that amount in law to a surrender of its charter, or what is equivalent to a surrender, is dissolved within the intent of the act, so far as to give creditors a remedy against the individual stockholders. Yet it is expressly held that such acts would not amount to a dissolution for all purposes. *Slee* v. *Bloom*, 19 Johns. 456 ; *Slee* v. *Bloom*, 20 Johns. 669 ; *Briggs* v. *Penniman*, 8 Cow. 387 ; *Trustees of Vernon* v. *Hall*, 6 Cow. 23. We think the motion to dismiss, so far as it rests on the first ground stated, cannot prevail. The other two grounds for the motion relate to the service of the writ upon this corporation.

The statute provides, Comp. Stats, ch. 194, sec. 11, that the writ in such case may be served on the clerk, treasurer, one of the directors, and in case of their absence from the State, on any principal member thereof, or with the agent, overseer, or person having the control or care of the corporate property or part thereof. This writ was served upon the last treasurer and clerk, also upon two others who were directors last of anybody, but they are described in the return as principal members, Bickford, the treasurer, as it would seem being out of the State. There is nothing in the case tending to show that the officers of 1860 are not still the legal and proper officers.

The return on its face shows a good service, and there is nothing in the case tending to show that it was not so, and we see no way that any other or further service could be made any more effectual. The defendant suggests that the assignee should have been served with a copy of the writ, but he was neither an officer nor a member of the corporation, so far as appears, neither was he the agent, overseer, or person having control or care of the property, or any part thereof as it would seem, because defendant offers to prove that no property ever came into his hands as assignee. The service is *prima facie* well enough, and nothing is proved or offered to be proved that shows it otherwise.

The motion to dismiss must be overruled. So would also be the plea in abatement if it had been received, if founded upon the same evidence.

The case then stands properly in court upon the general issue and the statute of limitations, which have been filed and received by the court.

*Case discharged.*