DUNHAM et al. *versus* RIDGEL.—(Two Cases.)

1. A plea of accord and satisfaction, to assumpsit on a promissory note, aver-
ring, *that the plaintiff received in full satisfaction and discharge of the cause of
action sued on a note or writing obligatory, payable by said plaintiff to a third per-
son or bearer; stating its amount under a vide licet,* (although note stating the
date of the note)—held to be a good plea.
2. Under the statute of this State, authorising a defendant to file as many seve-
ral pleas as may be essential to his defence,[a] it is no objection to a special
plea, that the facts of such plea would be available under the *general issue.*
3. Such a plea, held not to be forbidden by the rule of practice, which prohibits
a defendant from filing pleas, which amount to the general issue.

Assumpsit by Ridgel, in Wilcox County court, on
a promissory note. The defendants plead, first, the
general issue; and, secondly, accord and satisfaction,
in this, to wit, that the defendants, in discharge of the
cause of action, mentioned in the plaintiff's declara-
tion, had, before the time, &c. paid over, to the said
plaintiff, a note of the latter, payable to one Miller or
bearer, that is to say, for the sum of fifty dollars—
which note had been received in full satisfaction by
the said plaintiff, &c. The court below sustained a
demurrer to this plea.

SAFFOLD, J.—The cases are, in all respects, the
same, and may be treated as one. The trial was had
in the county court of Wilcox, on appeal. The de-
fendant in error, having been plaintiff, declared, in
assumpsit against the plaintiffs in error, on a promis-
sory note. The defendants pleaded—first, the gene-
ral issue; secondly, accord and satisfaction. On the

aAikin's Digest, page 276.

first plea, issue was joined. To the second, they filed a general demurrer. The demurrer was sustained, and that decision is now assigned as the cause of error.

The second plea, and which was overruled on demurrer, avers, that the then defendant delivered to the plaintiff, by his agent, his, the said plaintiff's promissory note, or writing obligatory, payable to A. Miller or bearer, of great value, to wit, of the value of fifty dollars, in full satisfaction and discharge of the said several promises and undertakings, in the said declartion : and, which said promissory note, or writing obligatory, he, the said plaintiff recieved, in full satisfaction and discharge of the said several promises and undertakings, in the said declaration mentioned; and, this the said defendant is ready to verify, &c.

Authorities were cited, on the part of the plaintiff in error, which appear in his brief; but I deem it unnecessary to review them, in this opinion. There were many irregularities in the proceedings below, some of which are attributable to Dunham; and perhaps, would have been material, had exceptions been taken in due time. No objection, however, appears to have been made on the part of Ridgel, except such as arose, on the demurrer to the second plea.— *Accord and satisfaction*, when properly pleaded, has long been accepted and venerated, as an ancient legitimate defence. The exception, which is supposed to have prevailed against this plea in the court below, is, that it was too indefinite in the description of the note given and accepted, in satisfaction of the demand. The plea describes it to have been Ridgel's own promissory note, or writing obligatory—payable to A. Miller or bearer, of great value, to wit, of

the value of fifty dollars; and that it was received in full satisfaction and discharge of the debt. It is true, the dates when the note was made, and when payable, are not set out, and the amount is laid under a *vide licet*. In reference to the uncertainty to dates, it is to be observed, that if (as is averred,) the note had been delivered over to Ridgel, Dunham may not have recollected, or had the means of ascertaining the dates; but, neither the exact dates nor amount of the note, was material to the merits of the contest; and, whether it was a promissory note, or writing obligatory, the only essential inquiry, on this point would have been, whether a valid agreement had been entered into, and consummated, by which the debt in question was satisfied and discharged by Ridgel's note. The description of the note, contained in the plea, was sufficient for this purpose; and, though the plea was not the most formal, it was substantially good.

That Dunham had pleaded non assumpsit, and could have had the benefit of this defence under it, as well as the special plea, furnishes, under our statute, no available objection to the latter. The statute entitles the defendant to as many several pleas as he may deem necessary to his defence; therefore, it is no objection to a legitimate special plea, that the same matter of defence would be available under the general issue. Nor is this course forbidden by the acknowledged rule of practice, that the defendant is not permitted to plead, specially, such matter as amounts only to the general issue. Those special pleas, the existence of which has been recognised and admitted by long usage and practice, are different from the general issue, notwithstanding the same

facts may be given in evidence under either. The ground of defence, when offered in the form of a special plea, is considered as *new matter:* It concludes to the court, and requires a replication : not so in the general issue. Hence, the defendant connot plead, specially, what amounts only to a negation of the plaintiff's allegations, and when he has no new matter to aver, which constitutes a legal defence : and this inhibition applies, whether he offers one or more pleas. We, therefore, say, the judgment must be reversed, and the cause remanded.