S. and W. BROWN *versus* JONES.

QUESTIONS IN THIS CASE.

*As to the verification of a plea.*
*Relative to a material alteration in a promissory note.*

1. A plea, by two defendants, verified by the oath of one, is a sufficient compliance with the statute, requiring a denial of the execution of any writing, to be by plea, supported by affidavit.
2. That matter is pleaded specially, which may be available under the general issue, is not cause of demurrer.
3. It is a good plea to an action upon a promissory note, that the words "with interest from the date," have been added after its execution, without the maker's knowledge or consent.

Jones declared in assumpsit against the plaintiffs in error, in Tuskaloosa County Court, upon a promissory note. The defendants plead a special plea, and the general issue. The special plea set out, that the said note, after the making thereof, and without the knowledge or consent of the said defendants, had been altered or changed, in this, to-wit, by adding to the said note, the words, "with interest from the date." To this plea, there was a demurrer, which being sustained, judgment on verdict was rendered in favor of the plaintiff, on the general issue.

*Ellis & Peck* for the plaintiff in error—*Nooe, contra.*

COLLIER, J.—The plaintiffs in error, to an action of assumpsit, in the County Court of Tuskaloosa, pleaded—first, that the promissory note, on which the action is brought, after the making of the same, was

altered, without their knowledge or consent, by adding thereto, the words, "with interest from the date." Second—the general issue: both of which pleas were verified by the affidavit of Samuel Brown.

The defendant in error demurred to the first plea; and his demurrer was sustained.

The correctness of this decision is the only point presented by the assignment of errors; and this involves these enquiries—

1st. Was the plea well pleaded.

2d. Does it disclose available matter of defence.

1. It is objected, in as much as both defendants below, join in their pleas, that they should be verified by both, and that the oath of one of them is an insufficient verification.

The provision of the statute, under which these pleas are pleaded, declares, that any writing, (the foundation of an action,) whether the same be under seal or not, shall be received as evidence of the debt or duty, for which it is given; and that it shall not be lawful to deny its execution, unless by plea, supported by the affidavit of the party pleading it.

A literal interpretation of the statute, would doubtless, render necessary the affidavit of all parties uniting in a plea, to deny the execution of a promissory note; yet we can not believe, that either its intention or its language, require us thus to interpret it.

At common law, the pleas of *non est factum, nil debet*, or *non assumpsit*, according to the dignity of the writing sued on, and character of the action, put its execution in issue, and that too without affidavit of the truth of the plea. This rule of the common law, was found to be, here, productive of great incon-

venience, and not unfrequently, of injustice. A plaintiff was obliged to continue his cause, to procure testimony to prove the execution of the writing sued on —a fact controverted only by plea: his counsel from an inability to continue, was often forced to a non-suit. To remedy such a state of things as this, the statute was enacted, requiring the plea to be accompanied by an affidavit : this affidavit is required, that it may appear *prima facie*, that the fact of execution is not causelessly denied. And this being quite as apparent where the plea is verified by one, as by all the defendants pleading it—we are satisfied that the verification of the plea is in compliance with the spirit of the statute.

It is true, that the defence proposed to be brought in under the first plea, was available under the second ; yet it does not follow, that for this reason, the demurrer was rightfully sustained. It is well settled, that a defendant may plead *non est factum* and *escrow*, together ; though the evidence allowable under the latter, may be given under the former. And this Court, in the case of *Tindall* vs. *Bright*,[a] determined that a party may plead *non est factum* generally, and a special plea, that the name and seal of one of the obligors have been cancelled without his consent.

2. By the law, as it once stood, any alteration of a deed, even in an immaterial point, (if made by the obligee himself,) avoided it.[b] But the rule is now otherwise. An immaterial alteration by the obligee, or a material change by a stranger, has no prejudicial effect upon the obligee's rights ; unless he has adopted either impliedly or expressly, such act of the stranger as his own.[c]

[a] Ala. Rep. 103.

[b] 2 Starkie, 476.

[c] 1 Gallison 69; 5 Taun 707 ; 1 B. & B, 426 ; 4 Term R' 320 ; 15 East, 29; 1Moore114 5 B &C269 8 D & R22 3 B&C 428 5 D&R 433 6 East 309; 5 M&S 223 12 East 471 15 East415

423

Without any particular review of the authorities, it is enough to say, that an alteration of a deed, in order to its avoidance, must be made in a material point, by the obligee himself, or some one interested, or else be adopted by him, if made by a stranger.

The same rule which relates to deeds, is also applicable to promissory notes, and other writings.

Believing, then, the alteration to be material, and the plea to be good, as well as to the manner of pleading it, as in the matter it discloses—we are of opinion that the judgment must be reversed, and the cause remanded.