## JONES v. YARBOROUGH.

1. Where the question is, whether a negro was sound, at the time the defendant purchased him of the plaintiff, the Court should not charge the jury,' that if he had a chronic disease of the chest a few weeks after the purchase, it was scarcely possible, that he was sound at the time of the sale. Such a charge is opposed to the statute, which prohibits the Judges from charging juries " with respect to the matters of fact."

2. Where a defendant pleads in *bar,* he cannot object, on the trial before a jury, that the writ bears test before the cause of action accrued. Such objection is good on plea in abatement.

THE plaintiff brought an action of assumpsit in the Circuit Court of Talladega, on a promissory note, made on the 22d of

Jones v. Yarborough.

November, 1838, for the payment of one hundred and ninety-three dollars and thirty-four cents, by the defendant, on or before the 1st March thereafter.

The writ bears test of the 28th February, 1839, a day previous to the maturity of the note.

On the trial, a bill of exceptions was sealed at the instance of the plaintiff, out of which the questions presented by the assignments of error arise. The consideration of the note was the purchase of a negro man by the defendant of the plaintiff. A physician, whose deposition was taken at the instance of the defendant, testified, that on the 25th December, 1838, he visited the negro in question, and found him laboring under a chronic disease of the chest, and believed he could not ever be sound again.

The Court thereupon charged the jury, that if they believed the negro was laboring under a chronic affection of the chest, as stated in the deposition of the physician, on the 25th December, 1838, then it was scarcely possible that he could have been sound at the time of the sale to Yarborough a few weeks before. *And further*, that although the pleas on which issues were taken to the jury, were all in bar, viz : 1. *Non-assumpsit.* 2. Failure of consideration. 3. Want of consideration—Yet the date of the writ was conclusive to shew, that the action was prematurely brought, and the plaintiff could not recover.

A verdict and judgment being rendered in favor of the defendant, the plaintiff has sued a writ of error to this Court.

Mr. MOORE, for the plaintiff.
Mr. HOPKINS, for the defendant.

COLLIER, C. J.—The Circuit Judge, in his charge to the jury, seems to have supposed, that in order to distinguish a disease as " *chronic,*" it is necessary that it should have been of long standing. As applied to diseases of the body, chronic and acute are the antithesis of each other. An acute disease is one usually attended with violent symptoms, promising speedily to attain a crisis; while a chronic disease is deep-rooted and obstinate, threatening a long continuance. Now it

may be true, that it usually requires sometime after a disease has manifested itself, to discover that it is chronic; yet as the reverse may be, and sometimes is, the case, it was not permissible to instruct the jury, that if the negro in question had a chronic disease of the chest on the 25th December, 1838, that it was scarcely possible that he was sound a few weeks previously when he was sold. Such an instruction is directly opposed to the statute, which inhibits the Judges of the Circuit and County Courts from charging juries with respect to the matters of fact. [Aik. Dig. 283.]

The objection, that the writ bears test of a day before the cause of action accrued, was properly available on plea in abatement; but it could not arise on the pleas in the record. These pleas are in bar, and admit that the action was regularly brought, merely controverting the plaintiff's right to recover upon the merits of the cause disclosed in his declaration.

The Circuit Court erred in both the points presented by the bill of exceptions. Its judgment is consequently reversed, and the cause remanded.