## THE MONTGOMERY RAIL ROAD CO. use, &c. v. HURST.

1. A corporation, as well as a natural person, is bound by those acts which create a presumption of agency. But when an effort is made to prove the fact of agency, by an order upon the corporation books, the books themselves must be produced, or secondary evidence of the contents, after notice to produce them.

2. The execution of a note to a corporation by its corporate name, is an admission of the fact, and *prima facie* evidence of the existence of the charter of the company, and *user* under it, under the plea of *nul tiel* corporation.

3. When a note was made payable at the " Branch Bank at Montgomery," parol evidence to prove, that at the time the note was made, it was agreed that if the note was sent to the Bank, the maker should be exonerated from payment, is inadmissible, because it contradicts one of the terms of contract. The case might be varied by proof, that the notes under this promise were fraudulently obtained.

4. The addition of two names as makers of a note, placed there without the consent of the maker, will not avoid it, unless put there for a fraudulent purpose.

Error to the Circuit Court of Chambers.

Assumpsit by the plaintiff in error against the defendant in error, on four promissory notes, executed to the corporation, by defendant and two others, payable at the Montgomery Bank.

65

The defendant pleaded non assumpsit, which was verified by affidavit, *nul tiel* corporation, payment and set off.

From a bill of exceptions, it appears that the notes sued upon were signed by the defendant, and underneath by one John C. Webb, and Lovick P. Webb, and it was proved that they were originally given to John C. Webb, who was acting, or assuming to act in receiving them, as the agent of the plaintiff.

A witness for defendant proved, that there was a resolution adopted by the President and Directors of the Rail Road Co. in writing, on the books of the company, authorizing C. T. Pollard, the President, to appoint agents to procure subscriptions and notes for stock, and that Webb was appointed an agent by the President, under that resolution. To the question put by defendant's counsel, as to the appointment of Webb as agent, the plaintiff's counsel objected, upon the ground that there was no sufficient proof of the resolution authorizing his appointment. The court overruled the objection, and the plaintiff excepted.

The defendant's counsel offered a witness to prove, that at the making of the notes, it was agreed between Webb and defendant, that defendant should be exonerated from payment, if the notes were sent to Bank. To this testimony the plaintiff's counsel excepted, because there was no sufficient proof of Webb's agency, and because the notes on their face were made payable at the Bank at Montgomery; it being also proved that the notes were sent to the Bank, the court admitted the testimony, and the plaintiff excepted.

The defendant's counsel then offered to prove, that at the time of the signing, and in the presence of J. C. Webb, to whom the notes were handed, the said Webb offered to sign the notes as security, and defendant refused the offer. This was also admitted against the objection of the plaintiff's counsel, and excepted to.

The court charged the jury, that under the issues, the execution of the notes was not in legal contemplation sufficient evidence of the existence of the plaintiff as a corporation, nor sufficient *prima facie* to put the opposite party on proof of its non existence, but that in order to a recovery, it was necessary for the plaintiff to produce the charter, to which the

plaintiff excepted. The court further charged, that if the name of John C. Webb was signed as a security to the note, after the execution and delivery to him as agent of the company, without the knowledge or consent of the defendant, that the instrument was thereby avoided, to which the plaintiff also excepted.

The plaintiff moved the court to charge, that in the absence of any proof to the contrary, it was not necessary for plaintiff to produce the charter, but might recover (as to this point,) on proof of the execution of such notes, made payable to the corporation; which charge the court refused, and the plaintiff excepted.

These matters are now assigned as error.

HAYNE, for the plaintiff in error. The court erred in permitting proof of the declarations of Webb, without its being legally shown that he was the agent, or had authority to act for the company. [1 Porter, 229; 5 Ala. Rep. 770; 3 Yeates 271.

Also, in requiring proof of the corporate character of the plaintiff. [Angel & Ames on C. 506; 5 Ala. Rep. 787; 1 J. J. M. 378.]

The addition of the signature of Webb, was wholly immaterial. The rule is, that unless the alteration changes the liability of the maker, it does not vitiate the note. [Chitty on Bills, 205-6.] The note was not varied in the slightest degree, by the addition of Webb's name, as the contract is still several, and whether he signed with or without the consent of the defendant, his contract remains the same.

L. B. ROBERTSON, contra. The right of the company to create an agent, did not depend on the resolutions of the board. The adoption of the act of the agent by accepting, and suing on the note, was unequivocal proof of his agency. [15 Pick. 225; 3 Mass. 48; 10 Id. 230; 13 Id. 182.] The production of the resolution was not therefore important. [9 Porter, 210; 5 Ala. Rep. 370; 7 Id. 800.]

The condition upon which the notes were made, that they were not to be sent to the Bank, entered into and constituted a part of the *res gestæ*, and was properly admitted in evidence:

and the placing it in Bank, was a fraud upon the defendant. [3 Wilson, 347; 1 Ala. Rep. 34.]

The note as made by Hurst alone, was not admissible in Bank, and could only become so by the addition of other names. This shows that it was a material alteration. It was in fact not the same note after the additional names were placed upon it.

ORMOND, J.—If the proof of the fact of the agency of Webb, depended upon the resolution of the Board of Directors, authorizing the appointment of an agent by the President, it is manifest, that being in writing, and entered upon the minutes of the board, it could only be proved by the production of the book in which the entry was made, or by giving secondary evidence of its contents, after notice to produce it. No such notice appears to have been given, and the court certainly erred in permitting parol evidence of its contents. It is not easy however, to perceive the materiality of this testimony. A corporation, as well as a natural person, may act through an agent, and its recognition of the act after it is done, will be proof of the authority of the agent to act, just as in the case of a natural person. A corporation, as well as a natural person, is bound by those acts, which create a presumption of agency. [Bates & Hines v. The State Bank, 2 Ala. Rep. 462.] The suing upon the note taken by Webb, for the Rail Road Co., is *prima facie* at least, an adoption and ratification of the act of Webb, in taking it.

The court also erred in deciding that the plaintiff could not recover, without proof of its corporate charter. The issues were non assumpsit and *nul tiel* corporation. The general issue does not cast upon a corporation the necessity of proving its corporate charter, as was held in this court after a full examination of the authorities. [Prince & Garrett v. The Commercial Bank of Columbus, 1 Ala. Rep. 241.] The contrary doctrine has been held in New York, but even there it is admitted, that the making of a note to a corporation by its corporate name, is an admission of its corporate existence. [Duchess M. Co. v. Davis, 14 Johns. 238; Trustees of Vernon v. Hill, 6 Cow. 23.] The plea of *nul tiel corporation*, did doubtless put in issue the corporate capacity of the plain-

tiff, but the notes themselves being payable to the corporation by its corporate name, was an admission by the defendant of the fact, and *prima facie* evidence of the existence of the charter of the company, and *user* under it.

The court also erred in admitting testimony to prove, that it was agreed between the agent of the corporation, and the defendant, that if the "notes were sent to the bank," the defendant should be exonerated from payment. The promise in the body of the note is to pay the Rail Road Co., at the "Branch of the Bank of the State of Alabama at Montgomery." This not only justified, but required the plaintiff to have them there, ready to be delivered if payment was tendered, and the evidence went directly to contradict the written stipulations of the parties. He could no more contradict this by parol, than the promise to pay, or any other term of the contract evidenced by the note. The case might be varied, if a promise of this sort was fraudulently made, and the notes were thus obtained as asserted in argument, for an improper purpose. The record however warrants no such inference. That presents the naked case of testimony admitted to prove, that the defendant was to be exonerated from payment, if the plaintiff did that, which by the written contract, it was authorized and required to do. [Owen v. Henderson, 7 Ala. Rep. 641.]

The remaining question, the effect of the addition of the two names upon the notes, as payees, without the knowledge or consent of the defendant, is one of some difficulty. The ancient rule was, that every material alteration of a deed, (and the same rule applies to all written instruments,) avoided it, although made by a stranger, and without the knowledge or consent of the parties; but this doctrine does not obtain at this day. The rule as now recognized is, that an alteration, or spoliation of a written instrument, by a stranger, does not affect its validity, if made without the knowledge, or consent of the party seeking to enforce it. If the alteration be material, and made by the party claiming under it, he cannot enforce it. [Brown v. Jones, 3 Porter, 422; Davis v. Carlisle, 6 Ala. R. 707; Newell v. Mayberry, 3 Leigh, 250; Mills v. Starr, 2 Bailey, 359; Stephens v. Graham, 7 S. & R. 508; Cloud v. Stout, 5 Littell, 205.] The presumption

of fraud necessarily arises in every such alteration. But if the alteration be immaterial, and be not fraudulently made, it seems to be the better opinion, that it will not avoid the instrument. [Hatch v. Hatch, 9 Mass. 307; Ogle v. Graham, 2 Penn. 132; Hunt v. Adams, 6 Mass. 519; State v. Cilley, 1 N. H. 97; Master v. Miller, 4 Term, 320; Nichols v. Johnson, 10 Conn. 196.]

In most of the cases which we have examined, the alteration was in the body of the instrument, either by the insertion of a date, or some words which had been omitted, and which the law would have supplied, or which did not alter or enlarge the responsibility of the payor; or by the addition of some words, which increased, or at least changed his responsibility. In the first case, the alteration has been considered harmless and inoperative, in the second, fatal to the instrument, as is shown by the cases previously cited.

In Horner v. Wallis, 11 Mass. 309, the payee of a note, procured one, not present at its execution, to attest it as a witness, and the court held it to be such a material alteration, as avoided the note. The opinion of the court seems to have been materially influenced, by a statute of limitations of Massachusetts, making a difference between attested, and unattested notes. Yet the same court, in Smith v. Dunham, 8 Pick. 249, where the payee procured one present at the execution of a note, afterwards, and without the knowledge of the maker to attest it, but without any fraudulent intent, held the alteration to be immaterial.

In this case, the addition of the two names, under the signature of the defendant, was probably made to enable the Rail Road Co. to negotiate the paper, by adding sureties to the name of the defendant. This did not in the slightest degree affect, or in any manner increase, or vary, the liability of the defendant. His promise still continued to be several, and was neither increased or diminished. The names might have been put on the back of the note, with impunity, and perform in effect the same office there, that they did below the signature of the defendant. In either position they were sureties for the Rail Road Company, and not for the defendant.

The principal difficulty we have felt, has arisen from the fact, that the identity of the instrument, is in some respects destroyed by this addition. But this is in truth more imaginary than real, as it does not cease to be the promise of the defendant, because that of others is superadded. Upon the whole, we think the addition of these names as promissors to the note, though placed there without the knowledge, or consent of the defendant, does not absolve him from the performance of his undertaking, unless they were placed there for some fraudulent purpose.

Let the judgment be reversed and the cause remanded.