# Boit & McKenzie *v.* Corr.

## *Action on Promissory Note.*

1. *Indorser; what sufficient to charge.*—Where a promissory note was made payable "at any bank" in a specified city, proof of presentation at any bank in such city, and due protest and notice, will bind the indorser.

2. *Protest; what sufficient.*—The protest of a note made payable "at any bank in Savannah, Georgia," showed that the note was presented for payment "at the Southern bank of the State of Georgia," but did not expressly state that this bank was in the city of Savannah. The caption showed that the protest was made in the city of Savannah, Georgia, and the protest recited that the notary resided in that city. After showing demand and refusal of payment, &c., it concludes: "Thus done and protested in the city of Savannah aforesaid." *Held:*

1. The protest sufficiently showed that the bank, at which demand was made, was located in the city of Savannah.

2. Parol proof was admissible, in connection with the protest, to show that a bank of the same name as that mentioned in the protest, was located in the city of Savannah, at the date of the note and its protest.

APPEAL from the City Court of Lee.

Tried before Hon. J. C. MEADORS.

The appellants, Boit & McKenzie, brought suit against the appellee Corr, as indorser of a promissory note made by Cooper & Co., payable to his order. The note read as follows:

                OPELIKA, ALA., April 15th, 1873.

On the 12th day of October next, we promise to pay to the order of John Corr twenty-six hundred and fifty dollars, at any bank in Savannah, Georgia. Value received.

                      A. J. COOPER & Co.

On the trial the appellants offered the note in evidence, in connection with the following protest:

"UNITED STATES OF AMERICA,     }
    City of Savannah, Georgia.    }

On the 15th day of October, in the year of our Lord one thousand eight hundred and seventy-three, at the request of Messrs. Boit & McKenzie, I, John L. Hammond, a notary public in and for said county of Chatham, in the State of Georgia, by lawful authority duly admitted, commissioned and sworn, residing in the city of Savannah, presented the original note, a true copy of which is hereon written, at the Southern bank of the State of Georgia, and demanded payment thereof. I have given notice to the indorser per mail under cover, addressed to Mr. John Corr, Opelika, Ala., which I mailed this P. M., whereupon I, the said notary, at

[Boit & McKenzie v. Corr.]

the request aforesaid, did protest, and by these presents do publicly and solemnly protest, against the makers and indorsers of said note, and against all others whom it doth or may concern, for exchange, re-exchange and all costs, damages and interest already incurred, or hereafter to be incurred for want of payment thereof. Thus done and protested in the city of Savannah aforesaid, this the 15th day of October, in the year of our Lord, one thousand eight hundred and seventy-three," &c.

The defendant objected to the introduction of the protest, and the court sustained the objection, and would not permit to be read to the jury, and the plaintiffs excepted. The plaintiff then offered the protest, in connection with evidence that there was located in Savannah, Georgia, at the date of the protest " a bank by the name of. the Southern bank of the State of Georgia." On motion of defendant, the court refused to allow the protest in connection with the proffered evidence to go to the jury, and the plaintiffs excepted. The plaintiffs then offered the protest in connection with evidence that at the time the note matured, and when it was protested, there was a bank in the city of Savannah of the name of " the Southern bank of the State of Georgia." The defendant objected, and on his motion the evidence was excluded and plaintiffs excepted.

In consequence of these rulings the plaintiffs were forced to take a non-suit, with bill of exceptions, with leave, &c.

The various rulings of court to which exception was reserved, are now assigned as error.

H. C. LINDSAY, for appellant.

WM. H. BARNES, contra.

MANNING, J.—A promissory note made payable " at any bank in Savannah, Georgia," may be presented for payment at maturity at any bank in that city; and if protested for non-payment, and notice thereof be in due time sent to an indorser, he is liable as such to the holder.—Page v. Webster, 15 Maine R. 249, 253; Langley v. Palmer, 30 id. 467; Jackson v. Packer, 13 Conn. 343; Madden Bk. v. Baldwin, 13 Gray, 156. The certificate in the protest of the notary by whom it was presented for payment, that he sent notices of the presentment, non-payment, &c., to an indorser, is evidence that such notice was given.—Revised Code, § 1089.

The protest offered as evidence in this cause does not expressly say that the Southern bank of the State of Geor-

gia mentioned therein, was in the city of Savannah, but begins thus : "United States of America, city of Savannah Georgia." It then sets forth the office of the maker of it, as a notary public, his residence in the city of Savannah, his presentment of the note for payment at the Southern bank of the State of Georgia, the refusal to pay, his protest thereupon, and sending of notice to the indorser, all on the day when the note matured, and concludes as follows : "*Thus done and protested in the city of Savannah aforesaid*, this the 15th day of October, &c., the day on which the note became payable.

The introduction of this protest was objected to by counsel for appellee, and excluded by the court, on the sole ground (as appears) that it did not expressly certify that the Southern bank of the State of Georgia was in the city of Savannah; to which exclusion plaintiffs' counsel excepted. Plaintiffs' counsel then offered the protest in evidence in connection with evidence going to show that there was located in the city of Savannah, at the date of said note and of the protest, a bank of the name of "the Southern bank of the State of Georgia," to which the defendant objected, and the court sustained the objection, and refused to permit this evidence to go to the jury, and plaintiffs excepted.

Plaintiffs then offered to prove by parol evidence to the jury, that at the time when said note was made, and when it matured, and when it was protested, there was a bank in said city of Savannah, of the name of the Southern bank of the State of Georgia, which also was objected to by defendant, excluded by the court, and the exclusion excepted to.

Thereupon plaintiffs, claiming the benefit of a bill of exceptions, took a non-suit, with notice that they should appeal to this court to have it set aside, and judgment was rendered against them for costs.

The errors of the court below are too palpable to admit of argument.

The non-suit in the city court is set aside, its judgment against appellants reversed, and the cause remanded.