# Rudulph *v.* Brewer.

*Action on Promissory Note, by Indorsee against Makers.*

1. *Negotiable instruments; designation of place of payment; innocent holder.*—Where a note headed and dated "Hayneville, Ala." is made payable at H.'s office, this is a sufficient designation of the place of payment to make the note commercial paper, under the statute (Code, § 1756,) declaring that "promissory notes, payable in money at . . . . . a certain place of payment therein designated, . . . . are governed by the commercial law," it being competent to aver and prove that'H.'s office was in said town ; and the purchaser of such note before maturity, for value, and without notice, is protected from all defenses to which it might have been subjected in the hands of the original parties.

| 96 | 189 |
| 108 | 149 |
| 96 | 189 |
| 112 | 533 |
| 113 | 306 |
| 96 | 189 |
| 120 | 416 |
| 120 | 665 |
| 122 | 638 |
| 96 | 189 |
| 128 | 554 |
| 96 | 189 |
| 140 | 449 |

2. *Signing note after delivery; consideration to support.*—In a suit upon a promisory note, brought by the person to whom it was negotiated by the payees, one of several makers of the note, who, to enable the payees to negotiate it, signed it after the other makers had signed and delivered it to the payees, is concluded from the defense that there was no consideration for his signature.

3. *Same; liability of original maker not affected.*—The liability of a principal maker of a note is not varied or affected by another person signing it after the original maker had signed and delivered it to the payee.

4. *Joint assignment of errors.*—Rulings prejudicial to some of the appellants only will not be considered on an assignment of errors by all of them jointly.

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. JOHN MOORE.

This action was brought by Willis Brewer against Z. T. Rudolph, B. T. McWhorter and J. L. Holmes, was commenced on March 28, 1890, and was founded on a promissory note alleged to have been made by the defendants, and by the payees indorsed, for value, and before maturity, to the plaintiff. The complaint alleged that "said J. L. Holmes' office was at the time of making said note, has ever since been, and is now located in the town of Hayneville, in Lowndes county, Alabama." The note sued on is set out in the opinion.

The defendants pleaded the general issue, and filed several special pleas setting up want of consideration, failure of consideration, etc. The demurrer of the defendants to the plaintiff's replication to the eighth plea raised the question, whether the note sued on was made payable at "a certain place of payment therein designated," within the spirit and meaning of section 1756 of the Code. This demurrer was overruled. The defendant McWhorter filed a special plea, which was sworn to, alleging "that he signed the note sued on as the surety of Z. T. Rudulph, and that said note was delivered to the payees therein with only the names of this defendant and said Z. T. Rudulph signed thereto, and afterwards, without the consent, request, or procurement of this defendant, the payees in said note obtained the signature of one J. L. Holmes to said note, of all which the plaintiff had notice before he acquired said note." The ruling upon McWhorter's demurrer to a replication to this plea is not passed on by this court. The testimony tended to show that the defendant Holmes did not sign the note until after it had been signed by Rudulph and McWhorter, and had been delivered to the payees, that he did so then for accommodation merely, and to enable the payees to negotiate it. At the request of the plaintiff, the court gave the following

[Rudulph v. Brewer.]

written charge, to which the defendants excepted : "If the jury believe the evidence they must find for the plaintiff." There was judgment for the plaintiff, and defendants appeal, assigning errors as stated in the opinion.

J. C. RICHARDSON, and W. R. HOUGHTON, for appellants. (1.) The note sued on does not designate a certain place of payment.—*Renfro Bros. v. Merchants Bank*, 83 Ala. 425; *Hayden v. Lehman*, 83 Ala. 243; 1 Randolph on Commercial Paper, § 123, Note; *McGrew v. Toulmin*, 2 Stew. & Porter, 428; *Tyson v. Olliver*, 43 Ala. 455. (2.) So far as Rudulph and McWhorter were concerned, the note was avoided by Holmes signing it after its execution and delivery and without the knowledge or consent of the original makers.—*Anderson v. Bellenger*, 87 Ala. 334; *Crescent Brewing Co. v. Handley*, 90 Ala. 486; *Missouri v. McGouryle*, 8. L. R. An. 735. (3.) There was no consideration for the execution of the note by Holmes, and as to him it is *nudum pactum.*—*Shaw v. Boyd*, 1 Stew. & P., 83 ; *Holland v. Barnes*, 53 Ala. 83 ; *Ware v. Morgan*, 67 Ala. 461 ; *Jackson v. Jackson*, 7 Ala. 791.

CLEMENTS & BREWER, *contra*, cited *Quinn v. Ins. Co.*, 73 Ala. 558; *Coxe v. Winter*, 41 Ala. 207; *Boit v. Carr*, 54 Ala. 112; *Holland v. Bergan*, 89 Ala. 622; *Montgomery &c. R. Co. v. Hurst*, 9 Ala. 518; *Marks v. First Nat. Bank*, 79 Ala. 562.

COLEMAN, J.—The only error assigned in regard to the ruling of the court upon the pleadings is that the "court erred in overruling defendant's demurrer to plaintiffs' replication number 8." The other errors assigned, are those which go to the admission and exclusion of evidence, and to the charges given. We will confine ourselves to the consideration of those questions presented by the assignment of errors.

The determination of nearly all of those questions depends upon the construction to be given to the instrument sued upon. If governed by the commercial law, the ruling of the court was free from error. It reads as follows:

"$337.50.                    Hayneville, Ala., Apr. 19th, 1889.

"On the first day of January, 1890, after date we promise to pay to the order of J. H. Brown and J. D. Abell at J. L. Holmes' office, three hundred and thirty-seven and 50-100 dollars, for value received, and interest from date. And as part of the consideration hereof we hereby waive all right which we, or either of us, have under the Constitution and laws of Alabama to have any of our personal property ex-

empted from levy and sale under legal process." The statute (Code, § 1756,) reads as follows: "Promissory notes payable in money at a bank or private banking-house, or a certain place of payment therein designated, and bills of exchange, are governed by the commercial law." It is contended that the mere statement that the note is payable at J. L. Holmes' office, without a more definite description or designation of the place, is not such a designation of a place as to bring it within the meaning of the statute. We can not consent to such a contention. "A certain place of payment" is placed upon the same footing as a "bank or banking-house." In the case of *Boit v. Curr*, 54 Ala. 112, it was held that a note made payable "at any bank in Savannah, Georgia," might be presented at any bank in the city, and that it was competent to show by parol that there was a bank in the city by the name of the Southern Bank, at which it was presented for payment, and protested for non-payment. It was not necessary to specify in the note the bank with any greater particularity. The note sued upon in the present case is headed and dated "Hayneville, Alabama." *Prima facie* the note was executed there. The office of J. L. Holmes is designated as the place of payment in the note. It was competent to aver and prove that the office of J. L. Holmes was in Hayneville, and that it was so understood by the parties who executed the note. The present instrument is wholly unlike that sued upon in the case of *Renfro v. Merchants Bank*, 88 Ala. 426. The cases cited by appellant, *Tyson v. Oliver*, 43 Ala. 465; *Bank of Ala. v. Pierce*, 3 Ala. 321, and others, in which it was held that sending notice of protest to the place of the heading of the bill of exchange was not, of itself, sufficient to charge the drawer or indorser with notice of the protest, rest upon different principles, and are not applicable. The acceptor of a bill of exchange is primarily liable to the holder. The presumption is that he has funds of the drawer in hand to meet the draft.—*Capital City Ins. Co. v. Quinn*, 73 Ala. 560. Upon non-payment, in order to hold the drawer or indorser responsible, it is incumbent upon the holder to give notice of non-payment. If the drawer or indorser had failed to designate a place to which notice should be sent, and the holder could not by the exercise of reasonable diligence ascertain the whereabouts of the person to be notified, or the place to which notice should be sent, and on this account failed to give due notice of protest, the failure to give the notice under such circumstances would not release the person sought to be charged as drawer or indorser. That is the principle decided by the cases cited.

[Rudulph v. Brewer.]

The instrument sued upon in the case at bar is not a bill of exchange, where other parties other than the drawer are first liable, but is an unconditional promise to pay at the specified time and place.   The drawers undertake to have the fund ready to meet the obligation.   Presentation for non-payment at the time and place is not indispensable to hold the drawer liable, and the mere failure to give notice of protest for non-payment will not release the drawer.   As was held in *Connerly v. Planters & Merchants Ins. Co.*, 66 Ala. 441, "Though payable at particular places, presentment there was not a condition precedent, or necessary to fix the liability of the maker.   If he was there in readiness to meet them, or if there he had deposited funds to meet them, a matter of defense might arise if loss was to ensue from the failure of the holder to make prompt presentment and demand of payment.   But, that not being the fact, the failure to demand payment would not lessen his liability."   It is not pretended that the defendants had the money at the office of J. L. Holmes, or at any other place, at any time, to meet their note.   The defense in the present case rests upon different principles.   The contention is, that the note is not commercial paper, and is therefore subject to the same defanse in the hands of the holder, as if in the hands of the payees of the note.   We are clearly of opinion that the note is governed by the commercial law.   That plaintiff was a purchaser in the usual course of trade for a valuable consideration and before maturity is not seriously controverted, and, this being true, he would be protected against all defenses to which the paper might have been subject in the hands of the original parties, except as to defenses of which he had notice at the time he purchased the note.—*Marks v. First Nat. Bank*, 79 Ala. 559; *Mayberry v. Morris*, 62 Ala. 115.

The ruling of the court on the special plea of B. T. Mc-Whorter is not assigned as error, and we will not consider that question.   See, however, *Crescent Brewing Co. v. Handly*, 90 Ala. 486; *Anderson v. Bellenger*, 87 Ala. 334; *Montgomery v. Crossthwait*, 90 Ala. 553.

The court ruled properly in refusing to allow the witness Holmes to testify "that Brown [one of the payees of the note], while in the possession of the note, had stated to witness that he, Brown, had tried to sell the note to plaintiff, and that plaintiff had said that he would purchase the note if witness would sign it."   This was mere hearsay evidence as to plaintiff.   Moreover, such proof could furnish no defense to the defendant Holmes.   If he signed the note to enable the payees to negotiate the note to plaintiff, he would

13–96

be concluded from the defense that there was no consideration for his signature. All the assignments of error are joint. To be available for one they must be good for all. There is no assignment of error upon the ruling of the court excluding the statement of plaintiff, which tended to show that plaintiff knew that the payees of the note had accepted the note as a full compliance of the terms of the contract of sale, without the signature of J. L. Holmes. Even with such proof we do not see how the holder of the note could be prejudiced in his rights against the principal and Holmes, upon the theory that he refused to purchase the note, as originally made, and stated that he would purchase it, if J. L. Holmes would also become one of the makers. If Holmes had bound himself by indorsing the note, the principal would not be allowed to urge the fact as having released him from his obligation; and we can not see that the fact of his signing the note as a security could release the principal. If treated as an indorser, or strictly as a security, and not a maker, his obligation is to pay if the principal fails.

In *Montgomery Railroad Co. v. Hurst*, 9 Ala. 518, it was said, "the addition of the two names under the signatures of the defendant was probably made to enable the railroad company to negotiate the paper, by adding sureties to the name of the defendant. This did not in the slightest degree affect, or in any manner increase or vary the liability of the defendant. His promise still continues to be several, and was neither increased nor diminished. The names might have been put on the back of the note with impunity and perform in effect the same office that they did below the signature of the defendant. In either position they were sureties for the railroad company, and not for the defendant." As we have said, there is a joint assignment of errors. There should have been a severance, and separate assignments of errors for the defendant sureties, who wished to avail themselves of any supposed erroneous ruling prejudicial to them as sureties.—*Kimbrell v. Rogers*, 90 Ala. 346; *Bedell v. New Eng. Mortg. Sec. Co.*, 91 Ala. 328; *McGhee v. Lehman*, 65 Ala. 320.

We find no available error in the record.

Affirmed.