# Outcault Advertising Co. *v.* Hooten & Co.

## *Assumpsit.*

(Decided November 12, 1914.   66 South. 901.)

1. *Assumpsit; Action; Issues.*—Where the complaint alleged that the demand was due and unpaid, the plea of the general issue "that the allegations of the complaint are untrue" put that fact in issue.

2. *Appeal and Error; Review; Discretion; Filing Plea.*—After the time for filing pleas has passed, it is within the exercise of the court's discretion to permit the pleas to be filed, and is not revisable on appeal.

3. *Contracts; Validity; Mistake.*—The fact that defendant signed a contract for certain advertising service which contract contained technical terms rendering it ambiguous to one who did not know

the meaning of such terms, with the mistaken idea that he was getting more than he was actually to receive under the contract; is not a defense to an action for the contract price, in the absence of fraud, undue influence or abuse of confidence.

APPEAL from Clay County Court.

Heard before Hon. E. J. GARRISON.

Assumpsit by the Outcault Advertising Company against J. W. Hooten & Co. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Count 2 sets up the following contract:

Order No. 213. Aug. 26, 1911. Ship us at our expense as per sample shown your all wool ad service to cover a period of one year beginning Sept. 15, 1911. This service to consist of 52 all wool cuts. Card, right reserved. We (or I) agree to pay you net cash monthly at the rate of $2.10 per week for one year, we (or I) to have exclusive right to use the all wool ad service in our city only, and to hold type and cuts subject to your order when this contract expires. Failure to pay any installments when due renders full amount of this contract due. This contract cannot be canceled. Ship all at one time if possible. All promises and agreements are stated herein. Verbal agreements with salesmen not authorized. [Signed] J. W. Hooten & Company.

The fifth plea is as follows:

Defendants say that there was not a valid contract made and entered into between the parties on the day of the execution of the said instrument, in that there was not a meeting of the minds of plaintiff and defendant, in that plaintiff understood in said negotiations that all it was to do was to furnish cuts for advertisement purposes at and for the sum of $2.10 per week for 52 weeks, whereas, defendants understood the contract and agreement to be that they were to receive the use of said cuts for advertising purposes and paper space

in the Ashland Progress for such advertising purposes at and for the sum of $2.10 per week for 52 weeks, and under such understanding between both plaintiff and defendant, J. W. Hooten, for and in behalf of defendants, signed the instrument sued on, and defendants aver that they did not discover the mistake until late in the afternoon of August 27, 1911, and immediately thereafter so notified plaintiff, and in time that they need not have performed their part of the agreement as they understood it, and defendants aver that defendants were mistaken in the terms of said contract in this: Instead of receiving such service and advertising space in the Ashland Progress, they were only receiving advertising service or cuts for a newspaper, and not advertising space in the newspaper at and for the sum of $2.10 per week; and defendants aver that such advertising space would have cost them $5 per month additional to $2.10.

RIDDLE & PRUETT, for appellant. The fact that the party did not understand the legal effect of the contract is no defense to the contract where no fraud or deceit was practiced.—*Rutter v. Hanover F. I. Co.,* 138 Ala. 202. The contract cannot be rescinded without the mutual assent of the parties to it, especially where the contract provides against such rescission.—*Sheldon v. B'ham Co.,* 121 Ala. 278. A plea setting up fraud must state the facts.—*Baker v. Hutchinson,* 147 Ala. 636. A written contract cannot be varied by parol.—*Blanks v. Moore,* 139 Ala. 624.

CORNELIUS & CORNELIUS, for appellee. It is matter with the discretion of the trial court to allow or reject additional pleas after the time for filing has elapsed, and the exercise of this discretion is not revi-

sable.—*Cahaba Southern Mining Co. v. Pratt Admr.,* 146 Ala. p. 245; *Steele v. Tutwiler,* 57 Ala. p. 113; *Foster v. Bush,* 104 Ala. p. 662; *Walker v. English,* 106 Ala. p. 370. The replication of plaintiff stricken on motion if error, was error without injury, as he was allowed to prove said facts under his complaint.—*Hayes v. Miller,* 150 Ala. p. 621. In order to constitute a contract there must be a concurrence of minds.—Mayfield's Digest, No. 2, p. 752, note 21, and cases there cited. If parties to a contract think they have agreed, and on account of a latent ambiguity or meaning of a word they find they misunderstood, or if the assent was founded or the contract made upon the mistake of a material fact such as the subject matter of the sale or the price, there is no contract and either party may avoid it after it has been completed.—*Sherwood v. Walker,* 66 Mich. p. 568; 11 Am. State Reports, p. 531; 74 Illinois, p. 351; 6th Mayfield's Digest, p. 187, note 23. If ambiguity in a contract, parol evidence may be admitted to explain the contract, and the court should look to the position of the parties to ascertain what the contract was.— *Weir v. Long,* 145 Ala. p. 328; *Lewman & Company, et al. v. Ogden Bros., et al.,* 143 Ala. 351; *McDonnell v. Jordan,* 142 Ala. 279; *Alexander v. Smith,* 57 South. Rep. 104; *Chattanooga Brewing Co. v. Smith,* 58 South. Rep. 63. Ambiguous terms of a contract are to be construed against the parties using the words.—*Minge v. Green,* 58 South. Rep. 381. When a contract is made and one party to the contract refuses to perform the contract, the other party cannot go on and complete the contract and recover the contract price.—*Daniel J. Davis, et al. v. Lorenzo N. Bronson,* (No. Dak.) 16 L. R. A. (old) p. 655. Plaintiff cannot recover as to damages which by reasonable prudence or care he could have prevented.—*Watson v. Kirby,* 112 Ala. p. 436;

Mayfield's Digest No. 2, p. 1037, note 438; also p. 1038, note 447.

PELHAM, P. J.—The defendant's amended plea No. 2 was but a denial that the debt or demand, the foundation of the plaintiff's suit, was due at the time the suit was brought, and was not open to any of the grounds of demurrer assigned to it. The amended counts of the complaint for the breach of a contract, upon which the case was tried, alleged the demand sued on as due and unpaid, and the defendant's plea of the general issue "that the allegations of the complaint are untrue" put that fact in issue.

The exercise of the trial court's discretion in permitting the defendant to file plea No. 5 is not reviewable here.—*Cahaba Southern Mining Co. v. Pratt, Adm'r.*, 146 Ala. 245, 40 South. 943.

The action is for a breach of contract to purchase certain advertising goods. The written contract under which the goods were to be furnished by the plaintiff and paid for by the defendant was signed by both parties, and is set out in the complaint. This contract may, as contended by the appellee, who was the defendant below, and does, for that matter, to our mind, contain certain ambiguous or technical terms that would make parol evidence of their meaning admissible. However, it is not contended, nor is it set up in special plea No. 5, which purports to be a plea in bar of the action, that the contract was procured through fraud or fraudulent misrepresentation. The defendant, dealing at arm's length with the plaintiff, voluntarily signed this contract containing these technical terms, and affixing a signature to a contract under such circumstances creates a conclusive presumption (except as against fraud) that he signed read, understood, and assented to it.—7 Am. &

Eng. Ency. Law, 112, and authorities cited in note 1; 9 Cyc. 260, and cases cietd in footnotes 99, 1, and 2. It is, of course, different where a contract rests on independent proposals, promises, offers, or acceptances. Then it often becomes a question of pertinent inquiry, and sometimes one of difficult solution, in this connection, to determine whether or not there has been a mutual assent, a meeting of the minds of the contracting parties —such a coming together upon the common ground of a mutual understanding of facts and subject-matter as will constitute the assent essential to a binding contract between the parties.

Plea No. 5 neither sets up fraud, misrepresentation, or undue influence in the procurement of the defendant's signature to the contract, nor avers that there was a mutual misunderstanding between the parties as to the purport or meaning of the terms of the contract, but alleges merely that the defendant, at the time he signed the contract, did not fully comprehend the meaning of some of the terms used in the contract voluntarily entered into and signed by him. The plea does not suggest a failure of consideration or a want of mutuality or that the parties were not dealing at arm's length, but only that the defendant "understood," through mistake on his part, when he executed the contract, that he was to receive more service in the way of newspaper advertising space than he afterwards ascertained he would be entitled to under the terms used in the contract. This mistake in understanding on defendant's part, without more, was not enough to invalidate the written agreement, or to relieve defendant of the obligation assumed by him, and was no answer to the action to recover for a breach of the contract.—See list of cases collected and cited in 3 Ency. Dig. of Ala. Repts. p. 310, § 63.

The proposition is thus expressed in the text of Cyc. (volume 9, p. 394, par. 7) :

"A mistake of one of the parties only in the expression of his agreement or as to the subject-matter, not known to the other, does not affect its binding force, and is no ground for its rescission even in equity."

It is further stated that if the mistake goes to an entire failure of consideration the rule is different.

In the case of *Moffett, etc., Co. v. Rochester,* 91 Fed. 28, 33 C. C. A. 319, it is said:

"A very extended examination of the reports has failed to disclose a case in which a judgment rescinding a contract has proceeded solely upon the ground that the terms, as reduced to writing, although expressing the understanding of one party; did not express that of the other. In all the reported cases where there was not the element of mutual mistake, or mistake of one side with knowledge on the other, there was, in the language of Addison, 'some undue influence, misrepresentation, surprise, or abuse of confidence,' or the contract was so oppressive as to be unconscionable."

It will be noticed that this was a case in equity, where broader principles and more liberal views with respect to defenses and relieving against the enforcement of contracts obtain than apply in cases at law. Likewise it has been held in this state that even in equity the parties cannot reform a written contract as not expressing the true agreement between them where they dealt at arm's length, and no fraud was practiced.—*Greil v. Tillis,* 170 Ala. 391, 54 South. 524.

When two parties enter into a written agreement specifying the terms of their contract, they are mutually bound by these terms as expressed in the written contract as construed by the court, although the understanding of one as to the effect of these terms may differ

[Outcault Advt. Co. v. Hooten & Co.]

from the understanding of the other.—*Bainas v. Wood-fall,* 6 C. B. N. S. 657; *Miller v. Lrod,* 11 Pick. (Mass.) 11. A mistake of itself, without more, is no defense to an action at law on the contract.—6 Mayf. Dig. 187, § 114. Nor would it change this rule that some of the terms used in the contract required oral evidence to explain their exact meaning. "If," as said by Blackburn, J., in *Smith v. Hughes,* L. R. 6 Q. B. 697, "whatever a man's real intention may be, he so conducts himself that a reasonable man would believe that he was assenting to the terms proposed by the other party, and that other party upon that belief enters into the contract with him, the man thus conducting himself would be equally bound as if he had intended to agree to the other party's terms."

There are cases holding that, where conditions in a contract are couched in ambiguous or obscure language designed to deceive, they are not binding on the party receiving and signing the paper. But nothing of this nature is set up or relied upon under the averments contained in plea No. 5, and we need not consider that proposition. This plea (5), in effect, is an attempt to set up, as a defense in an action at law for a breach of the contract the parties did make, a contract which one of the parties intended to make but did not make. This cannot be done.—2 Parsons on Contracts, 9; *Sanford v. Howard,* 29 Ala. 684, 693, 68 Am. Dec. 101. The reporter will set out plea No. 5, set out on pages 25 and 26 of the record, in the report of the case.

Other assignments insisted upon as showing error are not well taken; but the judgment must be reversed, because of the trial court's overruling the plaintiff's demurrr to the defendant's special plea No. 5.

Reversed and remanded.