168 So. 217

**BOX v. METROPOLITAN LIFE INS. CO.**

**7 Div. 3I7.**

Supreme Court of Alabama.

May 2, 1935.

See, also, ante, p. 1, 168 So. 216.

Chas. D. Kline, of Anniston, and Cabaniss & Johnston, of Birmingham, for petitioner.

Chas. F. Douglass, of Anniston, for respondent.

**FOSTER, Justice.**

This is an action for disability benefits provided for in a group policy. The terms of the policy which are controlling are copied in the complaint as follows:

"Any employee under this plan who shall become wholly and permanently disabled while in our employ before reaching the age of 60, either by accidental injury or disease, and is thereby permanently, continuously and wholly prevented from pursuing any and all gainful occupation, will be regarded as a claimant by the Metropolitan Life Insurance Company. Six months after the receipt of due proof of such disablement, the insurance (company) will begin making payments of the amount of insurance under any one of the following plans at the option of the person insured:

"Sixty monthly installments at the rate of $18.00 per thousand dollars of insurance.

"Five annual installments at the rate of 214.00 per thousand dollars of insurance.

"Ten annual installments at the rate of 116.18 per thousand dollars of insurance.

"Fifteen annual installments at the rate of 83.90 per thousand dollars of insurance.

"Twenty annual installments at the rate of 67.98 per thousand dollars of insurance."

In count 1 plaintiff alleged that he had elected to receive the amount so stipulated, $1,000, in five annual installments of $214 each, "the first of which is now due and payable." He further alleged that defendant denied liability on the policy, and, as amended: "Plaintiff avers that defendant has waived and lost the privilege of delaying the beginning of payments for a period of six months from the date of the receipt of proof of disability, through the denial of liability on or about May 24, 1933."

In count 2 he alleged that "the entire amount (presumably $1000.00) is now due for to-wit: that before the bringing of this suit plaintiff notified defendant of his disability, that defendant denied liability on said policy on or about May 24, 1933, thereby waiving the right and privilege of discharging the obligation through installment payments, and also waiving the right to delay payment for a period of six months from date of the receipt of proof."

Count 3 adopts count 2, except that it claims the present value of the installment payments.

After demurrer was sustained to the complaint, the court permitted defendant to withdraw the demurrer and file a plea in abatement.

On former certiorari, we held that the effect of such procedure was to vacate the order sustaining the demurrer; so that the status is as though no demurrer had been interposed. At this stage it was discretionary with the trial court to permit the plea in abatement to be filed, and the Court of Appeals properly held that the circuit court should not be reversed for overruling the motion to strike that plea, since no prejudice to plaintiff appears from so doing. Laseter v. C. I. T. Corporation, 228 Ala. 19, 152 So. 607. The plea,

after quoting the policy terms as set out in the complaint, alleged: "That the first proof that the plaintiff sent in to the defendant of his permanent, continuous and whole disability was received by the company, the said defendant, on the 5th day of May, 1933, that the plaintiff filed this suit against the defendant on the 26th day of May, 1933, when the first installment would not be due until November 5th, 1933, that the said suit was prematurely brought, hence the defendant asks that the same be abated." And then alleged by amendment: "And defendant further avers that it has not denied liability on the said certificate and policy sued on, before the said suit." There was then interposed a demurrer to it, which was overruled. Thereupon plaintiff filed replications, demurrer to all of which were sustained, except to that numbered ten. Replication No. 10 is as follows: "10. For that before the bringing of this suit, to-wit: On or about May 24, 1933, defendant denied liability upon the claim involved in this suit upon the sole ground of its contention that plaintiff was not permanently and totally disabled; that it therefore waived formal proof of claim, authorized immediate suit, and he therefore avers that said plea cannot operate as an abatement of this suit."

The suit was tried on the plea in abatement and replication No. 10, resulting in verdict for defendant on those issues, and plaintiff prosecutes this appeal.

The only question treated by the Court of Appeals is whether the plea in abatement is subject to the demurrer, for the reason discussed by that court. It held that the demurrer should have been sustained. The ruling, as we understand the opinion, is based on the theory that because of the allegations of the complaint, a denial of them in a plea of the general issue is appropriate to present the question, and that there is no necessity to plead in abatement under those circumstances. The Court of Appeals also noted that the basic question involved is dependent on the principle that the denial of liability not only waives the requirement for proof, but also the stipulation that payment shall not begin until six months after receipt of due proof.

The first proposition is grounded upon the case of Rainey v. Long, 9 Ala. 754. In that case the suit was in assumpsit, and defendant pleaded nonassumpsit. The court charged the jury that under such a plea defendant could not defeat the action because it was brought before the money was due. This court held on appeal that there was no necessity to plead in abatement, but that such defense was available under the general issue. The court had previously held in several cases that a plea in abatement was proper. McKenzie v. McColl, 3 Ala. 516; Jones v. Yarbrough, 2 Ala. 524; Herndon v. Garrison, 5 Ala. 380. It has likewise so held since then. Triple Link Mutual Ins. Ass'n. v. Williams, 121 Ala. 138, 26 So. 19, 77 Am.St.Rep. 34. In that case, the complaint alleged that the money claimed was due; the court observed that if the proofs had not been furnished seasonably before suit, it was matter for plea in abatement. A plea of the general issue may have served the same purpose. Carrico & Son v. J. E. Duval Printing Co., 219 Ala. 65, 121 So. 59; Outcault Advertising Co. v. Hooten & Co., 11 Ala.App. 454, 455, 66 So. 901.

■ The complaint in this suit, instead of alleging that the proof was furnished more than six months before suit was begun, alleged that defendant denied liability on the certificate and policy. The general issue would therefore be a denial of that allegation, and thereby cast on plaintiff the burden of proving it.

■ While the fact that the suit was prematurely brought is proper matter for a plea in abatement, it may be otherwise brought to the attention of the court, as by demurrer, when the complaint shows on its face that it is prematurely brought. 1 Corpus Juris 256.

■ But the general rule is that though defendant may plead the general issue, and thereby present the question on which he relies, he is not bound thus to plead. "Under our system of pleading, which allows the filing of a plurality of pleas, it is no objection, that a special plea presents matter of defense available under the general issue." Hopkinson v. Shelton, 37 Ala. 306; Brown v. Jones, 3 Port. 420; Dunham v. Ridgel, 2 Stew. & P. 402; Sov. Camp, W. O. W., v. Harris, 228 Ala. 417 (5), 420, 153 So. 870.

■ But the court would not be put in error for sustaining demurrer to a plea when it is available under the general issue, and that plea is interposed. Shepherd v. Butcher Tool & Hdw. Co., 198 Ala. 275, 73 So. 498; People's Savs. Bank v. Jordan, 200 Ala. 500, 76 So. 442.

■ But that principle does not militate against the former, nor are they in any

proper sense contradictory of each other. And this is more especially true when the matter set up in the form of a special plea is only in abatement, and when it may be doubtful to defendant whether it is available under the general issue. Moreover, defendant may wish to appear for the purpose of interposing that defense and none other, or may wish to have it tried prior to pleading in bar. But whatever may be the reason, the court has the right to accord the defendant the privilege thus to plead in abatement, and will not be adjudged in error for doing so. We also note that in Rainey v. Long, supra, it was only said not to be necessary to plead in abatement. But, if so, it does not follow that the court cannot extend such privilege to defendant, when he interposes a plea in abatement which is sufficient to show that the suit was prematurely begun. So that whether the demurrer to that plea was overruled without error depends upon whether it sufficiently alleges matter in abatement.

The complaint sets out the terms of the policy to the effect that payments are to begin and become due six months after receipt of due proof. It does not allege that proof was made, but that defendant had denied liability. Such denial made before proof was furnished and during the time when it could have been done, is a waiver of it, though no reason is assigned for the denial. Rhode Island Ins. Co. v. Holley, 226 Ala. 320, 146 So. 817; Ray v. Fidelity-Phœnix Fire Ins. Co., 187 Ala. 91, 65 So. 536; Continental Ins. Co. v. Parkes, 142 Ala. 650 (13), 39 So. 204; Com'l. Fire Ins. Co. v. Allen, 80 Ala. 571 (3), 1 So. 202; 7 Couch on Insurance, § 1573.

The facts alleged in the plea include a statement that proof was first made on May 5, 1933, so that the result would follow that the first payment was due November 5, 1933, after the suit was begun. By amendment it is stated that defendant did not deny liability before suit was begun. The question is on the plea as amended. Since it alleged that defendant did not deny liability, its sufficiency without that denial is not presented. The plea alleges in substance and effect that suit was begun prematurely, for that defendant did not deny liability. The legal effect of such denial of liability, which is alleged in the complaint, could be tested by demurrer to it, not here insisted on.

We are not called upon, therefore, by reason of those allegations of the plea, to determine whether the terms of the policy are such as to take it out of the general rule that a denial of liability ordinarily not only waives the furnishing of proofs, but also relieves the plaintiff of the necessity of waiting the stipulated six months before bringing suit. Rhode Island Ins. Co. v. Holley, supra; Commercial Fire Ins. Co. v. Allen, supra; 7 Cooley's Briefs on Ins. p. 6788. We think that the plea in abatement was not subject to demurrer on the grounds considered by the Court of Appeals, and that the judgment should be reversed for that reason.

We observe that appellant assigned numerous errors on account of the rulings of the court on evidence made during the trial. We cannot consider them because the Court of Appeals has not done so since it was unnecessary because of their view of the sufficiency of the plea. But it is necessary on account of our view of that question. This cause must therefore be remanded to that court for further consideration.

Certiorari granted; judgment of the Court of Appeals reversed, and cause remanded to that court.

All the Justices concur.